## Poland v. O'Connor.

SPECIFIC PERFORMANCE of a parol contract for the sale of lands—

1. *Must be clearly established.* A parol agreement for the sale and conveyance of land must be established by clear and most satisfactory proof, or the court will not specifically enforce it.

2. PART PERFORMANCE. *Payment* of a small portion of the purchase price is not such part performance as takes the contract out of the statute of frauds.

3. ——: *Possession.* To take such a case out of the statute, the possession of the vendee must be by acts clear, certain and definite in their object, and having reference to the contract.

4. ——: ——. Possession taken by the vendee after the vendor has disavowed the contract, which has been made by a person pretending to be his agent, will not support the claim.

5. ——. ——. Using a lot, otherwise vacant, and adjoining the vendee's warehouse, for storing lumber, wagons and like articles, of himself, his firm and others who have placed the same in his hands for sale on commission, is not such possession as will take the case out of the statute.

6. ——: *Building.* Not every possible act of the vendee done with reference to the contract, but those only to which he has been induced by positive action or permission of the vendor, or at most by those results which naturally flow from the agreement, operate to take the case out of the statute.

7. ——: *An instance.* A vendee under such contract, who has purchased a house with the view of placing it on the premises, but who has not done so, has not thereby taken his case out of the statute.

This was a bill in chancery for a specific performance of a parol contract, for the sale of certain real estate.

The plaintiff claimed to have made the purchase through one Clarke, who, as he insisted, was the defendant's agent. Whether O'Connor had ever appointed Clarke his agent, or in any way authorized him to sell the lot, was a question of fact in the cause, much discussed. Clarke testified very positively that O'Connor had employed him to sell the lot, had assented to the sale and the terms of it, and

POLAND v. O'CONNOR.

detailed a number of circumstances to show that he was correct.

On the other hand, O'Connor contradicted Clarke as positively, gave a different version to their conversations, and testified to a continued and persistent refusal on his part to sell, at and about the time Clarke claimed to have received his authority to sell.

The purchase price of the lot as alleged by the plaintiff, was one thousand dollars. When informed that Clarke had made the sale to him, the plaintiff immediately sent him $25 to apply on the purchase, and received from Clarke a receipt, saying that the deed was to be made in ten days. Shortly afterwards, and as the defendant alleged, as soon as he heard that the plaintiff claimed to have made the purchase through Clarke, he disavowed the sale, and informed the defendant that he should claim rent for the premises, if he occupied them.

The premises were a business lot in Omaha, vacant at the time, adjoining a warehouse which belonged to the plaintiff, in which with a partner, he carried on the business of selling articles of merchandize, particularly wagons, on commission. He had on the lot, shingles, timber, lumber, machinery and wagons. He had also purchased a house with the view of placing it on the premises, and designed to carry on therein a mercantile business. This house had been taken in pieces, brought from a considerable distance, and in consequence of the defendant's refusal to convey, had been left at the wharf, and never been placed on the premises.

The cause was heard upon pleadings and proofs, and a decree was rendered dismissing the bill.

The plaintiff appealed to this court.

*A. J. Poppleton*, for the appellant, contended that the agency of Clarke was proven, notwithstanding the defend-

ant's denials, and that the acts of part performance took the case out of the statute.    He cited *Willard's Eq. Juris.* 283, 285, 287 ; 2 *Story's Eq. Juris.* §§ 759–764 ; *Fry on Spec. Perf.* 47 ; *Phillips* v. *Berger*, 2 *Barb. S. C.* 608 ; *Plype* v. *Wardell*, 3 *Edward's Ch.* 47 ; *Stuyvesant* v. *The Mayor of New York*, 11 *Paige*, 414 ; *Neville* v. *Gillespie*, 1 *How.* (*Miss.*) 108.

*J. M. Woolworth* and *E. Wakely* for the appellee.

I. The contract is not proven.    On the preliminary question of Clarke's agency, on which depends the contract, the proof is contradictory, while many circumstances tend to disprove the claim of the plaintiff, on that point.— *Fry on Spec. Perf.* 266–8 ; 2 *Story's Eq. Juris.* §§ 764– 766–769 ; *Willard's Eq. Juris.* 286 ; *Colson* v. *Thompson*, 2 *Whea.* 336.

II. Neither the payment to Clarke of the $25, nor the plaintiff's possession such as it was, were sufficient to take the case out of the statute.—*Fry on Spec. Perf.* 260, 251 ; 2 *Story's Eq. Juris.* § 759 ; *Clynan* v. *Cooke*, 1 *Sch. & L.* 22 ; *Watt* v. *Evans*, 4 *Young, &c. Ex.* 579 ; *Main* v. *Melbourn*, 4 *Vesey*, 720 ; *Jackson* v. *Cutright*, 5 *Munf.* 308 ; *McMurtrie* v. *Bennett, Harring. Ch.* (*Mich.*) 124 ; *Johnston* v. *Glancy*, 4 *Blackf.* 94 ; *Sites* v. *Killer*, 6 *Ham.* (*Ohio*) 483.

CROUNSE, J,

The bill was rightly dismissed.

The statute has said, that no person shall be charged with the execution of an agreement relating to the sale of land who has not personally, or by his agent signed a written agreement.—§ 62, *page* 292, *R. S.*    And when done by an agent, that the authority of such agent must

POLAND v. O'CONNOR.

also be in writing.—§ 84, *page* 297. The record shows no such case as should relieve the complainant from the operation of the statute.

1. The existence of a contract clear, definite and unequivocal in its terms should have been admitted by the answer, or satisfactorily established by competent proof.— *Story's Eq. Jus.* § 764. Here, however, the very authority of the agent, who assumed to sell the property, is explicitly denied by the answer. To establish it we have but the unsupported testimony of the real estate agent himself, whose interest, next to that of securing his fee, seems to have been to serve the purchaser rather than the vendor; to combine with the former in tying up and hurrying the transfer of the property from one to the other. Opposed to this is the testimony of the respondent in direct contradiction — affording a striking exhibition of the evils against which the statute was designed to provide. One of the most important objects of the statute was, to prevent the introduction of loose and indeterminate proofs of what ought to be established by solemn written contracts.— *Storey's Eq. Jus.* 764.

2. Not regarding the contract as established, has there been such a part performance of it as entitles the complainant to the relief sought? The payment of the twenty-five dollars does not effect it.—*Clynan* v. *Cooke*, 1 *Sch. & Lefr.* 40; *Story's Eq. Jus.* 760; 2 *Pars. on Con.* 552. Neither is there such unequivocal and satisfactory evidence of possession given and entered upon, or of any acts clear, certain and definite in their object, and having reference to the contract made, as is required. Under the contract relied on, a deed was to be given in ten days. At the expiration of this time, Poland was advised that O'Connor disavowed the agreement of Clarke, and of his refusal to make a deed. What Poland may have done subsequently to that time therefore, was without warrant, and defiantly.

POLAND v. O'CONNOR.

The proofs leave it quite uncertain as to what acts of possession, if any, transpired under the agreement during that time. From the testimony of Poland it appears that the vacant lot in question, adjoining the warehouse of himself and partner, Patrick, was used subsequently to the time of agreement for storing lumber, wagons and like articles of himself, the firm and others held on commission. It is quite probable that not only during the ten days, but both prior and subsequent thereto, such use would be made of an unoccupied lot adjoining a warehouse. This is far short, however, of that improvement, that open, visible and unequivocal possession under the contract, necessary to take the case out of the statute.—*Fry. Sp. Per.* § 403, *p.* 237.

As to the purchase of the house to put upon the lot : it may be remarked that the defendant is not to be bound by every possible act of the complaining party done with reference to the contract. He should be affected by those only to which he has been induced by positive action or permission, of the vendor; or, at most, by those results which naturally flow from the agreement. He certainly should not be concluded by the folly of the vendee.

Here, possession was not an expressed part of the agreement. It does not appear that the purchase of this lot was for the purpose of erecting or building thereon; much less with the design of moving one already constructed thereon. The building, in fact, never was moved on the premises. It is not shown to be lost or depreciated in value. No damage of any character appears to have resulted from its purchase. Still, had the investment proved an entire loss, the complainant's conduct has not been such as to challenge the consideration of a court of equity. To purchase a valuable lot through a real estate agent who can show no authority, with the owner of the property living on the next block; to pay

but the amount of the agent's fee as earnest; and in the next hour to purchase a building ready constructed to place thereon, without consent of or conference with the vendor, is an attempt at sharpness or an exhibition of folly which courts do not favor.

The decree of the court below is affirmed.

Decree affirmed.