## BARTON v. KOON et al.

A finding of fact substantially conforming to allegations of the complaint expressly admitted by the answer is proper.

Findings of fact by the trial court will not be disturbed unless against the clear preponderance of the evidence.

It may not, on appeal, be objected that the oral agreement by which it was found that a written contract was altered was not executed, and therefore not such as Rev. Civ. Code, § 1287, authorizes a written contract to be altered by, defendants not having objected on that ground when

evidence of the alteration was introduced, and not having raised the question on the motion for new trial.

(Opinion filed, Aug. 22, 1905.)

Appeal from Circuit Court, Brown County. Hon. J. H. Mc-Coy, Judge.

Action by C. S. Barton against J. Lee Koon and others. Judgment for plaintiff. Defendants appeal. Affirmed.

*I. O. Curtiss* and *A. B. Kaercher,* for appellants.

The original contract pleaded and relied upon was in writing, and the modification pleaded must be construed as being also in writing. But the proof fails to show a written modification, but instead respondent attempts to show a partial oral modification of the original written contract in an essential particular, which contract is within the statute of frauds. Such a contract cannot rest partly in writing and partly in parole. The parties might consent to performance in a modified form. Heisley v. Swenstrom, 41 N. W. Rep. 1029; Burns v. Fidelity Real Estate Co., 53 N. W. Rep. 1017. Rescission of contract may be by mutual consent of the parties or if the consideration fails in a material respect. Annotated S. D. Stat. 1901, Secs. 4777-4778. The mutual consent necessary to the rescission of the contract need not in all cases be express, but may be implied from the conduct of the parties. Am. & Eng. Enc. L., Vol. 21, 1st Ed., p. 70-71, and notes.

*Charles M. Stevens,* for respondent.

The original contract was modified as found by the court and sustained by the evidence. The fact of possession given necessarily establishes that the original contract was modified. There was an offer to perform and it was repudiated on the part of appellants. An obligation is extinguished by an offer of performance under the statutory provisions of this state. Compiled Laws, Sec. 3458.

HANEY, J. In this action the circuit court found the facts to be as follows: "(1) That during the month of September, 1901, and prior thereto, said plaintiff and one Bert Deitz were doing business at the city of Aberdeen, in said county and state, under the firm name of Barton &. Deitz. (2) That during said time said defendants were doing business as a partnership under the firm names

and styles set forth in the title to this action. (3) That on the 2nd day of September, 1901, said Barton & Deitz and said defendants entered into a contract in writing, wherein said Barton & Deitz contracted to sell and convey to said defendants, and said defendants agreed to purchase, certain real and personal property, constituting a marble and granite manufacturing plant, with its accessories, in said complaint described and set forth, at the agreed and stipulated price of $2,500, of which $50 was to be paid upon the execution of the contract, $2,050 upon the conveyance and transfer of the property embraced in said contract, and $400 when certain marble orders embraced in said contract to the value of $700 were gotten out and completed by the said plaintiffs. That a transfer of all the property to be conveyed as herein set forth was to be made by said Barton & Deitz to said defendants within 60 days from the date of said contract, and that during said period said Barton & Deitz were to have charge of the entire plant, together with the personal property used in connection therewith, and to manage and control the same, and should receive certain compensation, as in said contract provided, for their services in so doing. (4) That thereafter, and on or about the 5th day of October, 1901, the said contract of sale and purchase was modified by the mutual agreement of the parties, and it was thereby contracted and agreed that possession of the real estate, premises and manufacturing plant and personal property should be turned over and delivered to the said defendants forthwith, and that said Barton & Deitz should be absolved and released from performing and completing the work as provided for in the said original contract, except such as had already been done at the time of such modification. And thereupon and in pursuance of said contract so modified, the said Barton & Deitz immediately delivered and surrendered to said defendants the possession of all the property embraced in said original contract of purchase and sale as provided for by said modified contract. (5) That on on about the 9th day of November, 1901, for a valuable consideration, the said Bert Deitz sold, assigned, and transferred and set over unto the plaintiff all his right, title, and interest under said contract, and in and to the money due to said firm of Barton & Deitz on account thereof, and author-

ized and empowered said plaintiff to receive and collect the same from said defendants. That there has been paid by said defendants under and by virtue of the terms of said contract, and as part purchase price of the property sold and conveyed as hereinbefore set forth, the sum of $1,725, and no more, of which said sum $1,625 was paid on or prior to October 5, 1901, and $100 on or about November 9, 1901. (6) That said Barton & Deitz fully complied with and fulfilled all the terms and conditions of said contract on their part to be kept and performed. (7) That on or about October 5, 1901, said plaintiff and said defendants entered into a contract wherein it was mutually agreed that said plaintiff should enter the employ of said defendants as a traveling sales agent at a salary of about $100 per month. That afterwards, and on or about October 7, 1901, plaintiff entered upon his duties under said contract, and worked for them for a period of about 20 days, and by the acts and conduct of both parties to said contract the same was mutually abrogated and annulled. (8) That defendants have fully paid said plaintiff for the services so performed under said last-mentioned contract." And concluded as matters of law "that there is now due and owing from said defendants to said plaintiff the sum of $775, and interest thereon from the 5th day of October, 1901."

Defendants' objections to the third finding of fact are not tenable, for the reason that it substantially conforms to allegations of the complaint, which are expressly admitted by the answer.

The contention that the fourth finding of fact is not supported by the evidence is untenable. Findings of fact by trial courts are always presumptively right, and though, under our statute, not as controlling upon this court as the verdict of a jury, they must stand unless there is a clear preponderance of the evidence against them. Jackson v. Prior Hill Min. Co. 19 S.D. 453, 104 N.W. 207, and cases cited. If the learned circuit judge believed the testimony of the plaintiff and his former partner touching this branch of the case, which he had a right to do, notwithstanding it was contradicted by one of the defendants, he could not have found otherwise than he did. We think the preponderance is in favor of the finding, rather than against it.

The fifth finding is not contrary to the evidence. The plaintiff testified that the following writing was delivered to him by his former partner after the partnership business had been sold and before this action was commenced for the purpose of transferring the claim in suit: "Aberdeen, South Dakota, Oct. 30, 1901. It is agreed understood that Bert Deitz is to assume all indebtedness at Aberdeen National Bank and also Alva Buxton for the release of a certain amount of notes amounting to $702 owned by firm of Barton & Deitz and forfeit all claims as held by Barton & Deitz against Koon & Co., amounting to $900. [signed] B. Deitz." The instrument was written by the plaintiff, a person evidently not familiar with the forms usually followed in such cases. Its language is neither apt nor appropriate, but, considered in the light of the surrounding circumstances, there can be no doubt as to the intention and good faith of the parties. The writing imports a consideration. It clearly appears that the plaintiff is the sole owner of the claim sued upon.

Appellants insist that the sixth finding is contrary to respondent's own testimony and all the evidence in the case; that defendant did not comply with and fulfill the terms of the contract, because of his failure to complete the $900 worth of marble orders, and to furnish good and acceptable orders to the value of $700, or any sum whatever. Throughout this litigation the appellants have attached undue importance to the orders held by the plaintiff and his partner when they transferred their business to the defendants. Such orders could not be, under any circumstances, worth more than the cost of soliciting them, or the profit to be derived from filling them. They constituted an insignificant part of the property contracted to be delivered. There was a substantial compliance with the contract even if there was a failure to deliver all the orders originally contemplated. But that feature of the original contract was, as found by the court, eliminated by an executed oral agreement under which defendants, at their own request, obtained possession of plaintiff's plant some 30 days earlier than was originally contemplated, and under which Barton & Deitz were absolved and released from further obligation with respect to the orders. A contract in writing may be altered by an executed oral agreement. Rev.

Civ. Code, § 1287. It is undisputed that defendants took possession under the oral agreement prior to the time specified in the written contract. But whether such agreement was executed or not is immaterial, because defendants did not object on that ground when the evidence of the alteration was introduced, or raise the question by their specifications of error upon which the motion for a new trial was based. Due consideration has been given to each assignment of error relating to the introduction of evidence.

Finding no reversible error, the judgment of the circuit court is affirmed.