## LEE et al. v. DWYER.

The trial court's findings of fact in an action to determine a disputed boundary tried by the court are presumed to be correct on appeal, and the burden is on the appellant to show that the greater weight of the evidence is against the findings objected to.

(Opinion filed, April 3, 1906.)

Appeal from Circuit Court, Clay County. Hon. E. G. SMITH, Judge.

Action by A. E. Lee and another against Margaret Dwyer. From a judgment for plaintiffs, defendant appeals. Affirmed.

*H. G. Tilton* and *C. H. Dillon,* for appellant. *J. L. Jolly* and *French & Orvis,* for respondents.

FULLER, P. J.   The respective parties to this action claim adversely about 17 acres of Clay county land which the trial court adjudged to be the property of plaintiffs, and defendant has appealed from such judgment and an order overruling her motion for a new trial.

As the record plainly refutes appellants assertion of an estoppel arising from acquiescence and adverse possession, nothing remains for our determination but the sufficiency of the evidence to sustain the findings of fact as to the exact location of the N. W. corner of the S. W. corner of the N. W. $\frac{1}{4}$ of Sec. 20, Twp. 95, R. 53, as established by the United States government survey. It is deemed inadvisable to state the testimony of the various witnesses, covering more than 100 closely printed pages, because it would greatly lengthen this opinion without serving any useful purpose.   However, such evidence has received most careful study and consideration in connection with all material circumstances disclosed by the record.   In determining the weight and credibility of testimony usually received at the trial of an action of this character an opportunity to observe the demeanor of the various witnesses is peculiarly valuable to the court below and, like all other cases tried without a jury, its findings of fact based on such evidence come to this court favored with the presumption of correctness.   While an appellate court is not concluded from a a review of the evidence, the burden rests upon its assailant to show the greater weight thereof against the challenged findings of fact which will be overthrown only when this court is satisfied that the evidence clearly preponderates against them.   Randall et al. v. Burk Township, 4 S. D. 337, 57 N. W. 4; McKenna v. Whitaker, 9 S. D. 442, 69 N. W. 587; Reagan et al. v. McKibben et al., 11 S. D. 270, 76 N. W. 943; McGray v. Monarch Elevator Co., 16 S. D. 109, 91 N. W. 457.

Independently of such presumption and the legal intendments to be resolved in favor of the correctness of all proceedings in the court below, we are satisfied that the evidence clearly preponderates in favor of the findings of fact, and the judgment appealed from is therefore affirmed.