(55 Misc. Rep. 150)

### BELANEWSKY v. GALLAHER et al.

(Supreme Court, Special Term, Westchester County. June 22, 1907.)

1. SPECIFIC PERFORMANCE—DEFENSES—ADEQUATE REMEDY AT LAW.

    A contract for the sale of land may be specifically enforced, though the vendor is financially responsible and the vendee has an adequate remedy at law for damages.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, § 6.]

2. PLEADING—COMPLAINT—DEMURRER.

    Where a complaint for specific performance did not show on its face that the action was commenced prior to the date fixed in the contract for performance, it was not demurrable as showing that the action was prematurely brought.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 432.]

3. SAME.

    Reference cannot be made to the date of the summons or the verification of the complaint, in order to support a demurrer to the complaint on the ground that the action was prematurely brought.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 537.]

4. SPECIFIC PERFORMANCE—CONTRACT—REPUDIATION—RIGHT TO SUE—TIME.

    Where a complaint for specific performance alleged that defendant refused to perform, and had also refused to comply with the preliminary terms of the contract and tendered back the deposit paid when the contract was signed, it sufficiently showed that complainant was entitled to sue at once.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, § 370.]

Action by Abraham Belanewsky against Charles W. Gallaher, administrator, and others. On demurrer to the complaint. Overruled, with leave to answer.

Hirsch & Rosquin, for plaintiff.
N. P. Bushnell, for defendant.

TOMPKINS, J. The defendant demurs to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The action is in equity for a judgment decreeing the specific performance to a contract for the sale of real property. The defendant urges in support of the demurrer that the complaint fails to specifically allege that the plaintiff has no adequate remedy at law. Such an allegation is not necessary in an action to compel the specific performance of a contract to convey real estate. The court will specifically enforce an agreement to sell real estate, even where the vendor is financially responsible and the vendee has an adequate remedy at law for damages. Jones v. Barnes, 105 App. Div. 287, 94 N. Y. Supp. 695.

The second point is that the action was prematurely brought. The complaint alleges that the deed was to be delivered "on or before the 1st day of February, 1906," and the defendant's claim is that the action was commenced in December, 1905. There is nothing in the complaint showing when the action was commenced.. It does not "appear upon the face" of the complaint that the action was commenced prior to February, 1906. To sustain a demurrer upon the ground that the complaint fails to state facts sufficient to constitute a cause of action, the court cannot refer to the date of the summons or verification. Neither one is a part of the complaint. The objection to the sufficiency of the complaint must "appear upon the face thereof." Besides, the complaint alleges that the defendant has refused to perform the contract, and has refused to comply with the preliminary terms thereof, and tendered back the deposit paid at the time that the contract was signed, and by a repudiation of the contract has in my opinion given the plaintiff a right to bring the action.

Demurrer overruled, with leave to the defendant to answer within 20 days upon payment of costs.