## WYKOFF v. KERR et al.

Under contract appointing plaintiff agent to solicit purchasers for defandant's lands, he stipulating to represent no one else having lands in the same county for sale, and to devote as much time as possible to representing defendant's lands, and to distributing advertising matter relative thereto furnished by defendant, and to advertise the lands at his own expense in local papers, providing that "for all buyers procured by him," it is agreed for services rendered in sales of land made by the assistance of "plaintiff defendant shall pay him $1 per acre on all sales so made," a sale need not be made solely by the efforts of plaintiff to entitle him to a commission, though the words "for all buyers procured by him" is written in, while the rest is printed, the terms of the contract not being materi-, ally qualified thereby; so that .plaintiff, having first called the attention of S. to the lands, and presented the matter to him several times, and succeeded in interesting him therein, resulting in a sale to him by defendant, was entitled to commissions, though. S. before completing the purchase corresponded with his cousin, who was also an agent of defendant, in regard to making a selection of land for him, plaintiff still being the moving cause in procuring the sale.

The one who made the purchase of lands, for sale of which plaintiff seeks to recover commissions, may not state who was the source of the chief inducement which caused him to make the purchase, or whether it was the statements and representations of plaintiff or of another that induced him to purchase, as this would be his conclusion and his opinion on the merits of the controversy.

(Opinion filed, Nov. 17, 1909.)

Appeal from Circuit Court, Brown County. Hon. J. H. McCoy, Judge.

Action by Thomas C. Wyckoff against O. W. Kerr and the O. W. Kerr Company. Judgment for plaintiff. Defendants appeal. Affirmed.

*Charles M. Stevens,* for appellants. *Hazle & Huntington,* for respondent.

CORSON, J. This case is before us on appeal by the defendants from a judgment entered in favor of the plaintiff and order denying a new trial. The action was instituted by the plaintiff to recover for services rendered by him as a real estate agent. The plaintiff's complaint is as follows: "That on or about the 1st day of January, 1907, he entered the service of the defendant corporation for the purpose of selling lands in Alberta, Canada, which agreement was fully set forth in a written instrument as follows: 'O. W. Kerr, president and general manager of the O. W. Kerr Co., Minneapolis, Minnesota, party of the first part, hereby appoints T. C. Wyckoff of Aberdeen, state of South Dakota, party of the second part, as agent, to solicit purchasers of land listed and owned by the O. W. Kerr Co., in the following territories: Alberta, Canada, and Texas. For all buyers secured by him, T. C. Wyckoff. It is hereby agreed, as follows: (1) For services rendered in sales of land made by the assistance of the second party, said party of the first part agrees to pay to the said party of the second part, $1.00 per acre on all sales so made, no commission to be earned until sale is fully and completely closed by delivery and acceptance of deeds or contract. Commissions on exchanges shall be agreed to by and between the first and second parties before the trade is consummated, otherwise shall be on the basis of agreed commission. (2) Said second party agrees to devote as much time as possible in the representation of said O. W. Kerr Co., and will do all distributing of advertising matter possible, furnished by the first party, and will further advertise in local papers at the expense of the second party. (3) Second party is to use his best endeavors to dispose of property taken in exchange and no extra compensation shall be allowed for such efforts. (4) Said second party agrees that he will represent no other firm than the O. W. Kerr Co., in the sale of Canada lands during the term for which

he is a solicitor or agent for the O. W. Kerr Co. This contract shall be in force from month to month, and shall absolutely terminate December 31st, 1907, and may be terminated by the O. W. Kerr Co., at any time when no sales have been made within the thirty days previous, or for the non-observance of any of the agreements or provisions hereinbefore contained, sufficient notice of the termination of this contract being the mailing of a letter to the postoffice address of the said second party by the first party. Dated this 10th day of January, 1907. O. W. Kerr, President and General Manager. [Signed] Per E. L. Willits, General Agent. [Signed]   T. C. Wyckoff, Agent.' That the plaintiff herein did devote his whole time to secure purchasers for the said lands, and did in all things full comply with the terms of the agreement therein set forth from the aforesaid 1st day of January, 1907, until the 1st day of July, 1907, when said contract was terminated by mutual agreement of the said parties, and that, in pursuance of this agreement, he secured as purchasers J. J. Stehly and N. W. Stehly of Hecla, Brown county, S. D., and through his efforts sent them to the office of the defendant the O. W. Kerr Company, where they purchased of the defendant therein the N ½ of section twenty (20), township four (4), range eighteen (18) west, of the fourth P. M., in Alberta, Canada, containing three hundred and twenty (320) acres, and at this time and at all times prior thereto the said defendant corporation claimed to be the owner of the lands offered for sale. That the said purchasers, J. J. Stehly and N. W. Stehly, who were secured through the agency of this plaintiff, were able and willing to purchase the land offered and entered into a contract for the purchase of the land heretofore described, in all 320 acres." Plaintiff then sets out as a second cause of action that he secured a purchaser for another quarter section of land in Alberta, but as it is conceded that that sale was made, and that the plaintiff was entitled to $80, one-half of the commissions thereon, and only $80 is included in the judgment, no further reference will be made thereto.

The   answer of the defendants is as follows: "The defendants herein for their answer to the complaint of the plaintiff

in the above-entitled action deny each and every allegation therein contained, except only as hereinafter specifically admitted, qualified, or denied. Further answering, the defendants admit that on or about the 10th day of January, A. D. 1907, the said O. W. Kerr Company entered into a contract with said plaintiff substantially in the terms set forth in plaintiff's complaint, and further admit that J. J. Stehly and N. W. Stehly of Hecla, Brown county, S. D., purchased certain lands of the said defendant O. W. Kerr Company, but defendants specifically deny that the said plaintiff secured 'the said Stehly as such purchasers, or that said sale was made by or through the efforts or agency of said plaintiff." The case was tried to the court without a jury, and the court in its material finding finds "that, pursuant to the agreement therein set forth, this plaintiff did secure as purchasers J. J. Sthely and N. W. Stehly of Hecla, Brown County, S. D., for the O. W. Kerr Company, and that the said J. J. Stehly and N. W. Stehly purchased of the defendants herein one-half section or three hundred and twenty acres (320) of land situated in Alberta, Canada." The third finding as to the second cause of action is omitted as not material in this case. From its findings the court concludes, as follows: "As its conclusions of law in the above-entitled action, the court finds that the defendants herein are indebted to this plaintiff in the sum of $400, and that this plaintiff is entitled to judgment against said defendants for the said sum of $400, and costs and disbursements in this action."

The errors assigned are the insufficiency of the evidence to justify the decision of the court, in that it fails to sustain the second finding of fact that the plaintiff secured J. J. Stehly and N. W. Stehly as purchasers of the land in question, but, on the other hand, the evidence shows and establishes that one Matthias Weichselbaum was the procuring and efficient agent in securing said parties as purchasers of said land; second, errors in the law, in that the court erred in sustaining plaintiff's objections to certain questions that will be referred to hereafter, and in denying defendants' motion for a new trial.

It is disclosed by the evidence that a sale of the 320 acres of land was made by the defendant to the two parties named, and

the only contention apparently on the part of the defendant is that the sale was made by the said Weichselbaum, and not by the plaintiff. Weichselbaum is a cousin of the parties purchasing, and residing in Minnesota. It is also disclosed by the evidence that the attention of the parties purchasing was called to the land in Alberta by the plaintiff, who in the month of May visited the parties at their home in Hecla, S. D., a town in the vicinity of Aberdeen, and solicited them to purchase land of the defendant in said Alberta, Canada; that he gave to them certain printed matter furnished him by defendants and samples of crops raised in that country; that he subsequently visited them, and still further urged them to purchase land in Alberta one or more times, and that they considered the proposition of the plaintiff favorably; and that in the early part of June he wrote to the defendants, stating to them that the parties would visit Minneapolis, and probably make a trade with them for some land in that section of country. As before stated, the Stehlys did purchase of the defendant 320 acres of land in Alberta. There was evidence tending to prove that, after the attention of the Stehlys was called to the land by the plaintiff, they had communications with their cousin in Minnesota relative to said land, who was also the agent of the defendant company, and requested him to select for them a good tract of land in that section of country, and, as before state, it is claimed by the defendants that the sale was actually made by the Minnesota agent. The evidence is voluminous, a large part consisting of letters written by the Stehlys to their cousin as to the selection of the land to be made for them by him when he should visit Alberta, and replies thereto, and no useful purpose would be served by reproducing it in this opinion, as the main question involved was one of fact, and was determined by the trial court in favor of the plaintiff. It may be conceded that there was a conflict in the evidence as to the party entitled to the commission in this case, but, the court having found in favor of the plaintiff, we are unable after a careful examination of the evidence to say that there was a preponderance of evidence against the court's findings. It has been so often stated as scarcely necessary to require repetition that the findings of the

court are presumptively correct, and will not be disturbed by this court, unless it is able to see from the evidence that there is a clear preponderance of evidence against the findings of the court.

It is contended by the appellants that: "The primary obligation the agent assumes is to bring the buyer and seller together so that their minds shall meet upon a common basis. These contracts are subject to the elementary rule applicable to contracts generally, that, before a party can recover, he must have fulfilled his part of the contract. There is nothing peculiar in this respect as applied to a land broker's contract. Success is the condition upon which a right of recovery is based. It matters not how much time, labor, expense, or worry the agent may have devoted to finding and securing a buyer, if he does not succeed in finding and producing one with whom the principal can agree as to the terms of sale, all his efforts and expense go for naught. He stakes all on success in finding and producing the right one, and, as a part of the risk, he takes the chances of others availing themselves, in a measure, of the fruit of his toil and expenses." We cannot agree with counsel in this contention. The contract in this case, it will be observed, is a peculiar one, and differs very materially from the usual contract entered into where an agent is employed to sell a certain tract of land at a specified sum and within a limited time. The law in such cases is well settled in this jurisdiction that the agent in such case must produce a purchaser able, ready, and willing to purchase the property upon the terms specified and within the time limited in order to entitle him to his commission, but the law governing that class of cases is not applicable to the case at bar. It will be observed that the language of the contract in this case is that the plaintiff "for services rendered in sales of land made by the assistance of the said second party, said party of the first part agrees to pay to the said party of the second part $1.00 per acre on all sales so made." The contention of the appellants, therefore, that, in effect, this clause of the agreement should be construed as requiring that the sale should be made solely by the efforts of the plaintiff, is not sustained by the terms of the contract. In our opinion, under the terms of this contract, it was not necessary that the sale

should be made exclusively by the plaintiff, and, where it was made by his assistance, he is entitled to his commission. It will be further observed in the case at bar that, by the terms of the contract, the plaintiff stipulated that he would not represent any other firm in the sale of Canada lands during the term of his employment; that he was required to devote as much time as possible in the representation of said defendants' land, and to distribute all advertising matter possible furnished by the defendant, and was required, further, to advertise the property in local papers at his own expense. It will thus be seen that the contract in this case differs very materially from the usual contract of an agent to sell property, and this seems to have been the view of the trial court. The authorities therefore cited by counsel for appellants are not applicable to the case at bar. As before stated, it clearly appears from the undisputed evidence that the plaintiff first called the attention of the Stehlys to these Alberta lands, and that he presented the matter to them two or more times, and succeeded in interesting them in said lands, resulting in the subsequent sale to them of the half section in controversy. While it is true that the Stehlys before completing the sale corresponded with their cousin Weichselbaum in regard to the selection of the land for them, still the plaintiff was the moving cause in procuring the sale, and in our opinion was clearly entitled under the terms of the contract to his comcission.

It is further contended by the appellants that the words in the first of the contract "for all buyers secured by him, T. C. Wyckoff," is controlling as to the terms of the contract, for the reason that it was written in, and not printed, But in our opinion there is no merit in this contention, and, that the terms of the contract being clear, and unambiguous, the construction evidently placed upon it by the trial court that it only required of the plaintiff that he assist in the sale of the lands is the true and proper construction to be given the contract, and that the words "for all buyers secured by him, T. C. Wyckoff," in our opinion does not materially qualify the terms of the contract.

It is further contended by the appellants that the court erred in sustaining the objections to certain questions propounded to the

two Stehlys as witnesses, as follows: "Q. Now, what was the chief inducement which caused you to make this contract of purchase or from whom did this inducement come?" And "Was it Mr. Wyckoff's statements or Weischselbaum's statements and representations in regard to this land that induced you to purchase?" These questions were objected to for the reason that they called for a conclusion of the witnesses, and the objections were sustained. We are of the opinion that the court was right in sustaining these objections. It was for the court to determine from the facts presented whether or not the plaintiff had complied with the terms of his contract, and whether or not under the facts proven he was entitled to his commission. It was not competent, therefore, for the Stehlys to express any opinion as to the merits of the controversy between them and Weischselbaum. The other errors assigned being quite similar in their nature, it will not be necessary to refer to them separately in this opinion, as the two questions copied in the opinion substantially represents the other questions, objections to which were sustained and which are assigned as error.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.

WHITING, J., dissenting. McCOY, J., took no part in this decision.