## STEENSLAND v. NOEL.

Assignment of error not discussed in appellant's brief will not be considered.

In a suit for specific performance, the contract with all its material terms and conditions must be proved by evidence which appears clear and satisfactory to the mind of the trial court; but the mere fact that the evidence is conflicting does not require the court to find that the contract did not exist.

Where a contract relates to personal property, a complaint for specific performance must allege special reasons, bringing the contract within some of the exceptions to the general rule that specific performance of such contracts will not be granted, but, where the contract is for the sale of land, an allegation that the remedy at law is inadequate is unnecessary; Civ. Code, § 2341, providing that presumably breach of contract to convey real estate cannot be adequately relieved by pecuniary compensation, but that breach of a contract to transfer personalty may be so relieved.

Findings of the trial court will not be disturbed unless there is a preponderance of evidence against them.

Civ. Code, § 2298, provides that the detriment caused by breach of an agreement to convey real estate is deemed to be the price paid, expenses incurred, and, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed at the time of the breach, and section 2299 provides that the detriment caused by the breach of an agreement to purchase an estate in real estate is deemed to be the excess, if any, of the amount which would have been due to the seller under the contract over the value of the property to him. In an action to recover land, defendant's counterclaim alleged a contract to sell to him and the making of improvements by him, and alleged the value

of the improvements and labor, and sought specific performance. Defendant's pleading and evidence were silent as to enhancement in value of the land. **Held,** that a contention that defendant's pleading and evidence showed that he had a complete and adequate remedy for damages at law was without merit.

The most important acts which constitute a sufficient "part performance" to authorize specific performance of an oral contract to convey land are actual possession, permanent and valuable improvements, and the two combined.

The possession constituting "part performance" within the rule as to enforcement of oral contracts for the sale of land must be taken with the consent of the vendor.

Where the owner of land agreed that another might go into possession and make improvements under an oral contract for a sale, the fact that he did not know of the actual consummation of the acts agreed to be done did not sustain a contention that they were done without his knowledge or consent.

(Opinion filed, January 17, 1912.)

Appeal from Circuit Court, Lincoln County. Hon. JOSEPH W. JONES, Judge.

Action by John Steensland against Frank Noel. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*Asa Forrest, Jr.,* and *E. R. Winans,* for appellant.

There must be allegation, proof and findings that damages are not an adequate remedy to permit the court to grant a decree of specific performance of an oral contract of sale of real property. Herzog v. Railway Co., 153 Cal. 496; Flood v. Templeton, 148 Cal. 374; Stettmacher v. Bruder, 95 N. W. 324; Jacobs v.. Railway Co., 8 Cushing, 223; Burns v. Daggett, 141 Mass. 368; Purcell v. Miner, 4 Wallace, 513-517; Kelsey v. McDonald, 76 Mich. 188; 8 A. & E. Enc. of Law, 740. Oral contracts for the sale of real property must be undisputed. The very purpose of the statute of frauds was to prevent disputes as to what the contract really was. Bresnahan v. Bresnahan, 73 N. W. 515; Kelsey v. McDonald (supra); Johnson v. Plotner, 15 S. D. 154. The possession of and improvements made by Noel must have been with the knowledge and consent of Steensland. Freeman v. Freeman, 43 N. Y. 34; Burnes v. Daggett (supra); Munsell v. Loree, 21 Mich. 491; Foster v. McGinnis, 89 Cal. 264. A court of equity will enforce specific performance of an alleged contract, not in

writing, for the conveyance of land, it must clearly appear that a contract was entered into and its terms and conditions must be clearly established by proof. Morrison v. Herrick, 130 Ill. 631; Bonhannan v. Bonhannan, 96 Ill. 591. Specific performance will not be decreed where adequate compensation can be had. 8 A. & E. Enc. of Law, 740; Purcell v. Miner, 4th Wallace, 513; Burns v. Daggett, 141 Mass. 368; Discher v. Stein, 34 Kan. 39; Harris v. Frink, 49 N. Y. 24; Kilsey v. McDonald, 76 Mich. 188; Brown v. Hoag, 35 Minn. 373; Jacobs v. Railway, 8 Cushing, 223; Baldwin v. Squier, 31 Kan. 283.

*C. B. Kennedy,* for respondent.

In contracts for the sale of land, however, an allegation that the remedy at law is inadequate is unnecessary since that is apparent from the nature of the subject matter. Christian v. Aldrich, 30 Mon. 446; Div. 56, 86 N. Y. Supt. 736; Smith v. Rector, 107 N. Y. 610. An oral contract for the sale of real estate when the possession is taken and valuable improvements are made pursuant to and relying on the contract by the purchaser, is without the statute. Stuart v. Tomlinson, 21 S. D. 337; Stenson et al. v. Elfman, 26 S. D. 134; Ide v. Lizer, 10 Mon. 5; Pomeroy Spec. Per. §§ 115, 126.

SMITH, J. Appeal from the circuit court of Lincoln county. Action for possession of a quarter section of farm land in Lincoln county of which plaintiff claims to be the owner in fee simple and entitled to possession. The complaint alleges that on or about the 1st day of March, 1909, plaintiff was in possession of said land, and that on or about that date defendant went into possession thereof under an oral lease from plaintiff, for the period of one year, upon agreed terms as his tenant; that on or about April 30, 1909, defendant served upon plaintiff a written notice that he claimed possession of said land as purchaser from plaintiff, and demanded that plaintiff execute and deliver a deed to the land pursuant to an alleged contract of purchase; that plaintiff had never sold or agreed to sell said land to defendant; that the pretended verbal contract of purchase and sale of the land as set forth in said notice, if true in fact, is void in law; that the same is not

even true in fact; that thereafter on the 9th of June, 1909, plaintiff, being advised that defendant claimed said land adversely to him, served upon defendant a notice in writing, terminating the aforesaid lease and demanding possession of the leased premises within thirty days; that defendant has failed to vacate said premises and claims the right of possession thereof under the alleged contract of purchase, denies the plaintiff's right of possession, and claims to hold adversely to plaintiff; that defendant having renounced his right to occupy as a tenant, by reason of his adverse claim of ownership, became a tenant at will, which tenancy was terminated by a notice given pursuant to the provisions of law for the termination of such a tenancy. The complaint also contains other allegations as to plaintiff's rights in the crops grown on the premises which are not material on this appeal. Plaintiff demands judgment for immediate possession of the land and a decree establishing his right thereto, together with certain other relief not material here. Defendant's answer admits service of the notice alleged in the complaint, and that the time set in the notice to vacate said land specified in said notice has elapsed, and that defendant has refused to vacate, and that defendant claims the right of possession by virtue of a contract of purchase and sale.

Defendant further alleges, by way of counterclaim: That on or about the 15th day of August, 1908, plaintiff and defendant entered into an oral agreement, whereby defendant agreed to purchase, and plaintiff agreed to sell, said land and to transfer the same to defendant, and gave defendant immediate possession of the land under said agreement. That said land was substantially all under cultivation except about 20 acres of hay and pasture land. That it was necessary to plow the cultivated land preparatory to cropping for the year 1909, and to build certain buildings thereon necessary to defendant's occupancy thereof. That the terms of said oral contract were as follows: That plaintiff agreed to accept, and defendant agreed to pay, plaintiff the sum of $8,000 as the price of said land; that the defendant should take immediate possession for the purpose of plowing the cultivated land, consisting of about 90 acres, preparatory for the 1909 crop;

that defendant should build a house and barn on the land and occupy the same as his home; and it was further agreed that on or before the 1st day of January, 1909, defendant should pay to plaintiff the sum of $1,500 as first payment on the purchase price, and upon said payment plaintiff should make to defendant a deed of conveyance with full covenants of warranty, and defendant should thereupon deliver to plaintiff a note for $6,500, payable five years after date, with the privilege of paying any amount which defendant should desire, at the time any interest payment became due, and that interest on said note should be due and payable on the 1st day of January each year, at the rate of 5 per cent. per annum. That, pursuant to said contract, plaintiff delivered and defendant took possession of said land, and in the fall of 1908 plowed 90 acres and built upon said land a permanent dwelling house and barn, at a cost of $1,000 for material and labor, and that defendant expended in personal services in improving said farm labor of the value of at least $500. That plaintiff delivered to defendant possession of said land and defendant took possession thereof in August, 1908, pursuant to said oral contract of purchase, and plowed the land as aforesaid, and built the buildings thereon pursuant to and in part performance of said oral contract, relying upon plaintiff's agreement to execute a deed to said land on or before the 1st day of January, 1909. That on and prior to the 1st day of January, 1909, defendant was ready and able to make a payment of $1,500 pursuant to said oral contract, and notified plaintiff that he was ready to execute a note and mortgage for $6,500 in accordance with the aforesaid oral agreement, and demanded that plaintiff execute and deliver a deed to said land as agreed. That plaintiff refused to make said deed or to complete the performance of said oral contract. That the plowing done by defendant on said land was of the reasonable value of $100. That the labor expended by defendant in improving the farm, etc., was of the reasonable value of $500, and that defendant spent and paid out for labor and material in erecting said buildings the sum of $1,000, all of which expenditures were reasonably necessary; that to permit plaintiff, at this time, to claim said contract to be null and void, because not in writing, would amount to a fraud upon

defendant. That on the 27th of April, 1909, ·defendant again tendered performance of said contract by offering to pay plaintiff the sum of $1,500 with interest at 7 per cent. from the 1st day of January, 1907, and to make and deliver to plaintiff· a note and mortgage for $6,500, which plaintiff refused to accept. That defendant thereupon deposited the said sum to plaintiff's credit in the People's Security Bank of Worthing, together with the note and mortgage for $6,500, to be delivered to plaintiff upon his executing a deed to defendant as agreed upon, which money, note, and mortgage ever since have remained on deposit in said bank. That defendant has done and performed and tendered performance of all the conditions of said oral contract, and demands that plaintiff be required to specifically perform said oral contract, and prays general relief; and further, if the court finds that the oral contract aforesaid cannot be specifically enforced, that the court take an account of the improvements placed on said land, and of the crops grown thereon during the year 1909, and find the value thereof, that the value of the occupation of said farm be set off against the improvements and labor placed thereon by the defendant, that defendant have judgment for the difference, and that the ownership and right of possession be adjudged to defendant.

To this counterclaim plaintiff filed a reply which is, in effect, a general denial, and further alleges that any building or improvements placed upon said land was without consent or knowledge of plaintiff; that all of said improvements do not exceed the sum of $500 in value; that the occupancy of said land is worth the sum of $400; that defendant was given ample time, after the service of the notice terminating his tenancy at will, to remove from said land any improvements placed thereon; that by failing to remove said improvements he is estopped from claiming the value thereof from plaintiff. Denies that defendant deposited the sum of $1,500 to plaintiff's credit in the People's Security Bank at Worthing, or that defendant has performed or offered to perform the conditions of his oral contract. Plaintiff, replying further to defendant's counterclaim, alleges that the contract of which

defendant demands specific performance is void, because the same nor any note or memorandum thereof is in writing as required under the statute of frauds, and specifically denies any part performance of the contract.

The trial court made and entered findings of fact and conclusions of law and a judgment favorable to defendant, decreeing specific performance of the contract. Plaintiff moved for a new trial upon the grounds of insufficiency of evidence to sustain the findings, conclusions of law, and the judgment, and for errors occurring at the trial excepted to by plaintiff. Appellant has placed in the record some 35 assignments of error, but has grouped together and discussed only such as present the question of the sufficiency of the evidence to justify the findings, conclusions, and judgment. The particulars in which the evidence is alleged to be insufficient are set out at considerable length and under eight distinct heads or subjects in assignment No. 35, which is "Insufficiency of the Evidence to Sustain the Findings, Conclusions, and Judgment." In his brief appellant discusses the questions raised by this assignment under two heads: "(a) That the alleged contract of sale upon which said findings and conclusions and judgment are based did not exist, in fact. (b) Had such contract been proven to exist, there was nothing in the case to justify the specific enforcement thereof. Both the pleadings and the evidence show conclusively that the defendant has an adequate remedy at law."

[1] Appellant's entire brief is devoted to a discussion of these two propositions alone, and for that reason, under the well-established rule of this court, it is unnecessary to notice the remaining 34 assignments.

[2] Appellant's first contention that the alleged oral contract did not exist in fact appears to be founded upon an attempted application to the facts of the elementary principle that, unless the minds of the parties meet upon identical terms and conditions, there can be no contract. We are somewhat at a loss to understand the proposed application of this principle to the case before us, unless it be upon the theory that because appellant swears to

one state of facts, and respondent and his witness swear to another, the minds of the parties did not meet. To sustain such a contention would be to hold that when there is a conflict in the evidence as to the existence, or the terms and conditions, of an alleged oral contract, the court must hold that the contract cannot be found to exist. This is not the law. The correct rule in this class of cases is that the contract with all its material terms and conditions must be proved by evidence which appears clear and satisfactory to · the mind of the trial court, and which, even though conflicting, does not leave the court in doubt.

Mr. Pomeroy, in his work on Contracts (2d Ed. § 137), says: "It is not necessary that the contract should be proved with that degree of moral certainty which is technically termed 'beyond a reasonable doubt,' and mere conflict of evidence is not, of itself, a ground for refusing to grant the remedy. It is sufficient if the subject-matter and all the material terms of the contract can be determined with reasonable certainty from all the evidence; if the judge can ascertain from all the proofs what the contract really is, he must decree its execution; and, in the words of Lord Cottenham, he 'will endeavor to collect if he can what the terms of it really were.'" At section 136 the same author says: "In order that a court of equity shall exercise its power to decree a specific execution, where there has been a part performance, the contract itself must be clear, certain, and unambiguous in its terms, and must either be admitted by the pleadings, or proved, with a reasonable degree of certainty, to the satisfaction of the court. If therefore, upon all the evidence given by both parties, the court is left in doubt as to the entire contract, or even as to any of its material terms, it will not grant the remedy although a partial performance of something has been sufficiently proved."

The findings of the trial court are full and explicit and cover every detail of the oral contract alleged in respondent's counterclaim, and also that respondent offered performance of every condition required on his part, under the terms of the contract; that respondent went into possession with the full knowledge and con-

sent of appellant, has remained in possession, and has performed the work and labor and erected the biuldings and made the permanent improvements alleged, under and by virtue of the oral contract pleaded in the counterclaim. The findings and conclusions are quite voluminous, and a further recapitulation thereof would serve no useful purpose. [3] Appellant at the trial objected to the introduction of evidence under the counterclaim on the ground that a cause of action was not stated therein, and in this court grounds his contention upon the absence of an allegation that compensation in damages would be inadequate. We do not determine the sufficiency of this form of objection. There was neither allegation, proof, nor finding that respondent could not be compensated in damages, or that damages at law would not be an adequate remedy. The rule is that, where the contract relates to personal property, the complaint must allege special reasons bringing the contract within some of the exceptions to the general rule that specific performance of such contracts will not be granted; but, in contracts for the sale of land, the authorities hold that an allegation that the remedy at law is inadequate is unnecessary, since that is apparent from the nature of the subject-matter. Christiansen v. Aldrich, 30 Mont. 446, 76 Pac. 1007; Ide v. Leiser, 10 Mont. 5, 24 Pac. 695, 24 Am. St. Rep. 17; Belanewsky v. Gallaher, 55 Misc. Rep. 150, 105 N. Y. Supp. 77; Bishop v. Tartt (Tex.) 107 S. W. 359; Baumann v. Pinckney, 118 N. Y. 604, 23 N. E. 916.

The reasoning upon which these decisions are founded is directly in line with the provisions of section 2341, Comp. Laws, which is as follows: "It is to be presumed that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation, and that the breach of an agreement to transfer personal property can be thus relieved." First Nat. Bank v. Spear, 12 S. D. 108, 80 N. W. 166.

It follows that an allegation of the inadequacy of the legal remedy is not essential to give the court jurisdiction to decree specific performance of a contract. The general rule in such cases is stated in 36 Cyc. p. 552, as follows: "Where land or any

estate or interest in land is the subject-matter of the agreement, the jurisdiction to enforce specific performance is undisputed and does not depend upon the inadequacy of the legal remedy in the particular case. It is as much a matter of course for courts of equity to decree a specific performance of a contract for the conveyance of real estate, which is in its nature unobjectionable, as it is for courts of law to give damages for its breach"—citing many authorities.

[4] We are asked upon this appeal to hold that the findings of the trial court as to the existence, terms, conditions, and offer of performance of the oral contract are not sustained by the evidence. It is the settled law in this state that the findings of the trial court are presumptively correct, and will not be disturbed on appeal unless it appears from the record that there is a clear preponderance of the evidence against them. Wyckoff v. Kerr, 24 S. D. 241, 123 N. W. 733; Jackson v. Prior Hill Mining Co., 19 S. D. 453, 104 N. W. 207; Lee v. Dwyer, 20 S. D. 464, 107 N. W. 674; Mason v. Fire Ass'n, 23 S. D. 431, 122 N. W. 423; Driskill v. Rebbe, 22 S. D. 242, 117 N. W. 135; Empson v. Reliance Gold Min. Co., 23 S. D. 412, 122 N. W. 346; Clarke v. Connors, 18 S. D. 600, 101 N. W. 883; Goldberg v. Sisseton L. & T. Co., 24 S. D. 49, 123 N. W. 266, 140 Am. St. Rep. 775; In re McClellan, 20 S. D. 498, 107 N. W. 681; Barton v. Koon, 20 S. D. 7, 104 N. W. 521.

A statement of the evidence in detail would serve no useful purpose and would extend this opinion beyond reasonable limits. It must suffice that we have examined all the evidence in the record with much care and find that the preponderance of evidence supports the findings of the court in every particular.

[5] Appellant's contention that respondent's pleading and evidence conclusively show that he has a complete and adequate remedy in damages at law cannot be sustained. Respondent's pleading does not purport to be a claim in damages for breach of contract to convey real estate; hence the rule that a pleading for recovery of damages is presumed to state all items of damages the party has suffered is not applicable, and it cannot be contended

that the items alleged in the counterclaim constitute all the elements of damages recoverable in an action for breach of a valid contract for conveyance of real property. Both pleading and evidence are silent as to enhancement in value of·the land. It is immaterial, however, so far as the right to specific performance of the contract is concerned, whether the land has increased or decreased in value. But in an action for damages for breach of a contract to convey, the increase or decrease in value becomes very material. Civil Code, §§ 2298, 2299. It is true respondent's pleadings allege the value of the labor expended and of the permanent improvements placed upon the premises under the contract; but these facts are pleaded only as a ground for alternative relief, in the exercise of the discretion of a court of equity, in case the court should find the oral contract unenforceable by way of specific performance, and are not pleaded as an adequate substitute for the equitable remedy.

The rule generally recognized by the courts of this country that an oral contract for the sale of real property, if partly performed by the party seeking the remedy, may be specifically enforced by courts of equity, notwithstanding the statute of frauds. has been adopted into and made a part of the Civil Code of this state. Section 1311 provides: "No agreement for the sale of real property, or of an interest therein, is valid unless the same, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged, or his agent thereunto authorized in writing; but this does not abridge the power of any court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof."

[6] Mr. Pomeroy, in his work on Equity Jurisprudence, states the rule as to what constitutes "part performance" of an oral contract in such cases as follows: "The most important acts which constitute a sufficient part performance are actual possession, permanent and valuable improvements made on the land, and these two combined." The rule thus stated has been generally adopted by the courts and by this court. Stewart v. Tomlinson, 21 S. D. 337, 112 N. W. 849; Stenson v. Elfmann, 26 S. D. 134, 128 N. W. 588.

[7] Appellant's contention that Frank Noel's possession is referable to his existing tenancy, and therefore cannot be considered as acquired in part performance of the oral contract of sale, is not sustained by the record. · The rule is, as contended by appellant, that possession must be taken with the consent of the vendor, actual or implied, since, in the absence of such consent, there can be no estoppel against defendant or fraud upon plaintiff, which is said to be the foundation of the doctrine of part performance. 36 Cyc. 666, and cases there cited. But, in the case at bar, the finding of the trial court is that Frank Noel took possession of the premises in dispute and made permanent improvements thereon, pursuant to the terms and conditions of the contract of sale and with the knowledge and consent of Steensland. The trial court also expressly finds that no tenancy ever existed between Steensland and Frank Noel, the respondent. There is ample evidence in the record to sustain these findings. And the court finds not only that the possession of Frank Noel was consented to by Steensland, the owner, but was with the knowledge and consent of John Noel, who was then the tenant.

[8] Appellant's contention, therefore, that a surrender of possession by John Noel, the tenant, to Frank Noel, the purchaser, would be inoperative because without authority from Steensland, and that John Noel had no authority to surrender any possession except such as he held under his tenancy, cannot be sustained. The trial court found, and the evidence sustains the finding, that the transaction and agreement under which Frank Noel took possession as purchaser was participated in by both Steensland and John Noel; both being present and agreeing to the transfer of possession of Frank Noel.

Under the evidence and these findings it is idle for appellant to contend that he had no knowledge that Frank Noel was in the actual occupancy of the land, or that he had no notice or knowledge that Frank Noel had performed work and labor and constructed buildings thereon. The trial court finds appellant consented and agreed that· these things might be done, and it does not lie in his mouth to say that, because he did not know of the

actual consummation of the acts agreed to be done, they were done without his knowledge or consent.

A full and careful examination of the record discloses no reversible error.

The order and judgment of the trial court are affirmed.