WILLIAMS, Respondent v. DENHAM et ux., Appellants

(162 N.W.2d 285)

(File No. 10407. Opinion filed November 4, 1968)

**Donald J. Coleman,** Dupree, for plaintiff and respondent.

**A. Coe Frankhauser,** Gettysburg, for defendants and appellants.

BIEGELMEIER, Judge.

Plaintiff's complaint alleged that on November 20, 1964, she accepted defendant S. J. Denham's oral offer to sell 499 acres ·of land in Dewey County for $20,000; that thereupon her attor-,ney prepared and mailed two copies of a contract for deed to him with a draft for $5,000 and that on November 30, 1964 he telephoned plaintiff's attorney that he was not going to execute the contract or complete the sale and was returning the contract and draft. It further alleged plaintiff had ordered an ab-.stract at a cost of $177.50 for which she should be reimbursed. The prayer was for specific performance of the contract and reimbursement of the $177.50. Defendants' answer was a gen-

eral denial, except it admitted ownership of the land and receipt of the contract and draft, alleged their return and set up the Statute of Frauds, SDC 10.0605(3)[1] as a bar. Defendants appeal from the judgment granting specific performance of the oral contract.

The court found plaintiff, through her agent husband Joe Williams, entered into an oral agreement by telephone to purchase the real estate; that thereafter plaintiff prepared a contract for deed incorporating the terms thereof and forwarded it with a draft for the down payment of $5,000 to defendants; that defendants signed the contract but did not deliver it to plaintiff and refused to complete it; that plaintiff in reliance on the oral agreement caused to be sold other lands to raise the funds to complete the contract, ordered abstracts to the land, had a contract drawn and forwarded the down payment; that these acts were consistent with an understanding of sale and inconsistent with any other reasonable explanation thereof; that to allow defendants to renege on their agreement would subject plaintiff to unconscionable hardship and loss, in that amongst other things "a loss of full utilization of farm equipment by a farm operator is a direct loss and a production loss is also a direct loss." Defendants' appeal questions the sufficiency of the evidence to justify the Findings of Fact, denial of defendants' proposed Findings of Fact and Conclusions of Law and error in those entered necessary to support the Judgment. At the outset we mention the Finding set out in quotation marks above. It appeared in the court's opinion and defendants' attorney called attention to its appearance in proposed Finding VI at the hearing on entry of Findings of Fact by indicating he could recall no evidence as to it. Whether it is material may admit of doubt but a careful reading of the transcript shows no support for this Finding or indeed any reference to the subject in the evidence adduced.

---

1. "10.0605 **Written contract required; statute of frauds.** The following contracts shall not be enforceable by action unless the same or some memorandum thereof be in writing and subscribed by the party to be charged or his agent, thereunto authorized in writing: * * * (3) An agreement for the sale of real estate or an interest therein or lease of the same for a period longer than one year, but this does not abridge the power of any court to compel specific performance of any agreement for sale of real estate in case of part performance thereof".

The evidence showed Joe Williams, husband of plaintiff, lived at Gettysburg, South Dakota; that on November 19, 1964, claiming to act for plaintiff, he telephoned defendant S. J. Denham who lived in Redding, California with reference to a lease of the land. In the conversation he testified S. J. Denham offered to sell the land for $20,000 cash. Williams said he would call him back which he did that evening advising he could meet his terms. There was discussion of procedures involved and Mr. Williams employed an attorney, not counsel of record, who phoned Denham the next day. That attorney testified Denham talked about the sale through an escrow with a title company, etc.; he agreed to change of terms from $20,000 cash to $5,000 down and the balance in 60 days and that it would be better to order abstracts immediately. The attorney drew up a written contract dated November 20th which plaintiff signed and two copies were mailed to Mr. Denham with a draft for $5,000. A letter advised Denham that the attorney had ordered new abstracts; it requested him to sign the contracts and return one copy to the attorney. Denham received the letter and enclosures November 23rd, signed them sometime thereafter, but then retained all papers until November 30th when Mr. Denham notified plaintiff's attorney by telephone that he had decided not to sell the land and was returning the draft. He returned the draft and destroyed the contracts. The land owned by defendants was in Ziebach County; the contract (and complaint) described it by section, township and range, but stated it to be in Dewey County and the conversation included discussion of this error as the attorney had first ordered abstracts from an abstractor in the wrong county. While plaintiff argues that to establish the "contract and all the facts in this case" the trial court could believe her two witnesses and disbelieve S. J. Denham, the only witness for defendants, we conclude the undisputed evidence is insufficient to support the Findings necessary to overcome the defense of the Statute of Frauds or authorize the specific performance decree.

■■ The court has held equitable estoppel may prevent a party to an oral agreement from invoking the Statute of Frauds. Federal Land Bank of Omaha v. Matson, 68 S.D. 538, 5 N.W.2d

314. There the court set out the elements of proof necessary to invoke such estoppel as "(a) the oral agreement must be established by satisfactory evidence; (b) the party asserting rights under the agreement must have relied thereon and have indicated such reliance by the performance of acts unequivocably referable to the agreement; and (c) it must appear that because of his change of position in reliance on the agreement, to enforce the statute will subject such party to unconscionable hardship and loss." Assuming, without deciding, that the proof requisite in (a) is present, the record shows no such evidence or conditions to come within the other two requirements. Plaintiff's evidence showed she was vendee in a contract for deed for other land in Potter County; that on April 20, 1964 she assigned it to her husband's brother, John R. Williams, and on December 1, 1964 he entered into an agreement to convey the land to Morris E. Simon. If it be conceded the sale by plaintiff's brother-in-law of this land (the proceeds of which were thereafter used for the purchase of land other than that involved here) was an act in claimed reliance by plaintiff, her complaint and the undisputed evidence refute it. Plaintiff's evidence was that on November 30th defendant notified her attorney he was not going to complete the contract and was returning the draft; which he did. It was the day after receiving this notice plaintiff's brother-in-law executed the written agreement to sell the land to Simon. Clearly it was not made in reliance on the contract.

■ Acts done by the plaintiff after the owner has given plaintiff notice that he repudiates the claimed contract for sale of land or does not intend to complete or perform it, are not done in reliance thereon and are insufficient as part performance to take the contract out of the operation of the Statute of Frauds or work an equitable estoppel of that defense. Woodworth v. Franklin, 85 Okl. 27, 204 P. 452, 27 A.L.R. 590; Poland v. O'Connor, 1 Neb. 50, 93 Am.Dec. 327; Brey v. Tvedt, 74 N.D. 192, 21 N.W.2d 49; Lowrey v. Lowrey, 117 Iowa 704, 89 N.W. 1118. See also 49 Am.Jur., Statute of Frauds, § 432, and Annotation 101 A.L.R. at 970, 1013.

Stewart v. Tomlinson, 21 S.D. 337, 112 N.W. 849, is not contrary. There the seller accepted a down payment and at the buyer's request authorized him to plant trees on the lot. Relying thereon the buyer "openly entered upon the premises May 1st with the knowledge and acquiescence of appellant (seller), and engaged in planting shade trees 20 feet in height, and so large that the work required the assistance of a team of horses and several men for nearly a week." It was after these acts seller advised buyer he and his wife would not sign the deed. In Steensland v. Noel, 28 S.D. 522, 134 N.W. 207, the court quoted from Pomeroy on Equity Jurisprudence that the most important acts to constitute sufficient part performance are actual possession and permanent improvements made on the land. The court cited Stewart v. Tomlinson, supra, as adopting that rule. Restatement, Contracts, § 197, seems to rely on the valuable improvements on the land or possession coupled with payment of the purchase price theory, which the Minnesota court adopted in Shaughnessy v. Eidsmo, 222 Minn. 141, 23 N.W.2d 362, 166 A.L.R. 435, in departing from its former fraud theory.

■■ This leaves the claims of having the contract drawn and sending a down payment to defendants. Even payment of part of the purchase price is not sufficient in itself to take a case out of the operation of the Statute of Frauds. Boekelheide v. Snyder, 71 S.D. 470, 26 N.W.2d 74, quoting Pomeroy's Equitable Remedies, Second Edition, § 824; Brey v. Tvedt, 74 N.D. 192, 21 N.W.2d 49. The sending of a down payment which is refused and returned to the buyer or ordering abstracts is of no avail to plaintiff nor is having a contract drawn. None of these comes within requirement (c) of Matson and the latter indicates the parties expected to conclude their discussions with a written contract and negate rather than support the reliance on an oral agreement. Cf. G. H. Lindekugel & Sons, Inc. v. Brezina Const. Co., 83 S.D. 404, 160 N.W.2d 121.

Reversed.

All the Judges concur.