No. 20,600.

GEORGE B. PARKS and SENA M. PARKS, *Appellants*, v. H. W. MONROE and EFFIE MONROE, *Appellees*.

SYLLABUS BY THE COURT.

1. REAL-ESTATE CONTRACT — *Repudition by One Party — Remedies of Other Party—Specific Performance—Damages.* Where one of the parties to a contract for the exchange of real property repudiates the contract before the time fixed for its performance, and notifies the other party of such repudiation, the latter party may immediately commence an action for specific performance, or, in the event that specific performance can not be had, for the recovery of the damages sustained.

2. SAME—*Petition—Demurrer Sustained—Amended Petition—Demurrer Thereto—Appeal.* A judgment by which a demurrer to a petition is sustained, and from which no appeal is taken, does not control the judgment on the hearing of a demurrer lodged against an amended petition afterward filed by leave of court.

Appeal from Mitchell district court; RICHARD M. PICKLER, judge. Opinion filed December 9, 1916. Reversed.

*J. W. Tucker,* of Cawker City, *Frank A. Lutz,* and *Amzie E. Jordan,* both of Beloit, for the appellants.

*Clark A. Smith,* of Cawker City, and *N. C. Else,* of Osborne, for the appellees.

Parks v. Monroe.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs appeal from a judgment sustaining a demurrer to their amended petition.

The amended petition sets out a valid written contract between plaintiff George B. Parks and defendant H. W. Monroe, for the exchange of lands. The contract, dated April 8, 1915, provided that defendant H. W. Monroe should deed to plaintiff George B. Parks, certain lands in Mitchell county, Kansas; that Parks should deed to Monroe certain lands in Howell county, Missouri; that Parks should assume a $7500 mortgage on the Kansas land and pay to Monroe the sum of $2400; that the deeds should be delivered and the $2400 be paid on November 20, 1915; that Monroe should occupy the Kansas land until that time, and should pay, as rent to Parks, certain named shares of the crops to be grown thereon; that each party should furnish an abstract "down to date," and should "make a perfect title to the land he conveys"; that Monroe should have until April 15, 1915, to inspect the Missouri land, and, if it should be found as described in the contract, all papers necessary to comply therewith should at once be executed.

The amended petition alleges that Monroe inspected the Missouri land and found it as described, and alleges that the Missouri land is, in fact, as described in the contract. The amended petition further alleges:

"And said defendants have orally informed and notified plaintiffs that they will not execute said deed or furnish said abstract and they do not intend to and will not pay plaintiffs any rents whatsoever for said premises and have stated that so far as they, the said defendants, are concerned said contract is at an end. . . . The plaintiffs have duly performed all of the conditions of said contract on their part to be performed up to this time and are now standing willing, ready and able to complete the performance of said contract on their part, and now offer to bring said deed and abstract to said Missouri land and said $2400.00 into court to be delivered to the defendants upon their executing and delivering to the plaintiffs a sufficient deed and abstract for said Mitchell county lands and upon their paying said rents to said plaintiffs as provided in said contract. . . . That if an exchange of said properties as contemplated by said written agreement is not effected the said plaintiffs will be damaged in the sum of $2000.00."

The amended petition also alleges that the plaintiffs, George B. Parks and Sena M. Parks, are husband and wife, and that

24—99 KAN.

the defendants, H. W. Monroe and Effie Monroe, are husband and wife.

The plaintiffs ask for specific performance of the contract, or, if that can not be given, for damages in the sum of $2000. The original petition was filed July 1, 1915.

1. Does the amended petition state a cause of action? The defendants urge that the action was prematurely brought for the reason that it was commenced before the time fixed for the delivery of the deeds and the payment of the $2400. In 36 Cyc. 771, the rule governing this proposition is stated as follows:

"An action by the vendor before the time fixed for payment is premature; and where conveyance is not to be made until payment, the vendee usually can not maintain his bill until payment is due; but where the vendor has repudiated the contract, the purchaser is entitled to sue at once, although the time fixed for complete performance has not arrived."

In *Miller v. Jones*, 68 W. Va. 526, the court said:

"'A party to a contract, enforceable in equity, may sue to establish his rights thereunder as soon as the other contracting party has repudiated it, notwithstanding the time for full performance may not have arrived." (p. 527.)

This principle is supported by *Bear v. Fletcher*, 252 Ill. 206; *Belanewsky v. Gallaher*, 105 N. Y. Supp. 77; and 3 Elliott on Contracts, § 2341.

When a contract is repudiated by one of the parties thereto the other party has a right to take such steps as he may deem necessary to protect himself against loss or damage because of such repudiation. The law imposes on him the duty of acting promptly, and if he does not so act he can neither have specific performance nor collect damages, but will be held to have acquiesced in the repudiation of the contract. (*Fowler v. Marshall*, 29 Kan. 665; 36 Cyc. 728.) When defendant Monroe repudiated his contract with plaintiff Parks the latter had a right immediately to commence an action to compel specific performance of the contract, or, in the event that specific performance could not be had, to recover the damages sustained by reason of such repudiation.

The action was not prematurely brought, and the amended petition, therefore, states a cause of action. The demurrer to the amended petition should have been overruled.

2. A demurrer was sustained to the original petition. The plaintiffs were then granted leave to file an amended petition. A demurrer was lodged against the amended petition. That demurrer is the one that is now before this court. The defendants contend that because the judgment on the demurrer to the original petition was not appealed from that judgment is binding and conclusive and prevents a review of the judgment sustaining the demurrer to the amended petition. This contention is without merit. The judgment on the demurrer to the original petition is not before this court and is not subject to review. The judgment appealed from is the one sustaining the demurrer to the amended petition. The judgment on the original petition did not bind the trial court on the hearing of the demurrer to the amended petition, and does not bind this court.

The judgment is reversed. The cause is remanded with directions to the trial court to overrule the demurrer to the amended petition.