ISRAEL STEIN

*v.*

HENRY B. FRANCIS and MARY E. FRANCIS, his wife.

[Submitted December 10th, 1919.   Determined December 18th, 1919.]

1. The general rule is, that where specific performance of a contract to convey lands is sought where the wife of the vendee has not signed the contract of sale and refuses to sign the deed, neither abatement of the purchase price nor indemnity against the inchoate dower of the wife will be decreed unless the wife's refusal to release has been induced by the husband.

2. But where the wife was present at the time the contract was signed and acquiesced therein, and gave encouragement to the transaction, and where irreparable injury will result to the vendee if the contract for sale is not specifically performed, this general rule does not apply, and a decree for specific performance will be made, with order for a bond of indemnity against the wife's inchoate dower, if she still refuses to execute the deed, or if that is not given, an abatement of price of the value of the dower as if consummate.

3. A bill for specific performance of a contract for sale of lands may be maintained if filed before the date named therein for performance when the contract has been repudiated, and performance refused.

On final hearing on bill for specific performance.

*Mr. Harry C. Kramer* (with whom was associated *Mr. Louis B. LeDuc*), for the complainant.

*Mr. William T. Boyle,* for the defendants.

LEAMING, V. C.

In this suit complainant, as vendee in a written contract of sale of real estate, seeks to enforce specific performance of the contract by his vendor. The wife of vendor has not signed the contract; complainant, accordingly, seeks no decree against her, but seeks a decree compelling the husband to convey the fee

subject to his wife's inchoate right of dower with either an abatement of the purchase price or indemnity against the future assertion of a claim of dower by the wife.

The contract is clear in its terms, is apparently fair and reasonable in its provisions and was agreed upon intelligently and deliberately and after fair and open negotiation by the respective parties to it. All considerations of justice and fair dealing appear to demand its enforcement.

The suit is defended upon two grounds—*first*, it is urged that a decree of specific performance of a contract of this nature will not be made against a husband with either abatement of the purchase price for the value of the dower right of the wife or with indemnity against the claim of dower unless the refusal of the wife to join in the conveyance is brought about by the husband;' *second*, it is urged that the suit has been prematurely brought.

1. There is no doubt of the general power of this court to enforce specific performance of contracts to convey land and to decree that the purchase-money be applied to pay outstanding liens which are by the contract to be satisfied to clear the title, or, if necessary, require compensation to be made for any part of the land to which the vendor may be unable to make title, or to require indemnity from the vendor against outstanding liens or rights which cannot be satisfied.

But where the outstanding right or claim has been the inchoate right of dower of the wife of the vendor who refuses to join vendor in the conveyance, the view has been frequently expressed in this state that neither abatement of the purchase price nor indemnity against the dower right should be decreed unless it should be shown that the vendor husband has induced his wife to refuse to release. See cases collected in *Bateman* v. *Riley*, *72 N. J. Eq. 316* (at *p. 318*). The possibility that a decree against the husband for abatement or indemnity might occasion such a coercive influence on the wife as to induce her to release against her will has been thought a sufficient reason for denying relief of that nature, unless her refusal to release has been the result of her husband's procurement. In *Borden* v. *Curtis*, *48 N. J. Eq. 120* (at *p. 129*), it is pointed out that

the rule above stated in denying a decree for indemnity or for an abatement of the purchase price is not recognized in some states and its reasonableness under modern conditions is there doubted. The view suggested in *Borden* v. *Curtis, supra,* is also that expressed by Professor Pomeroy in his work on *Specific Performance* (at §§ *460, 462*). In the present case, it does not appear that any refusal of the wife to release has been brought about by her husband.

But another important circumstance exists in this case which is absent in nearly all of the reported cases in this state. The evidence disclosed that at the time the contract was executed the wife of the vendor was present and fully understood the contract which was being executed by her husband and complainant, and that she not only made no protest but in fact gave encouragement to the transaction. Her conduct was more than silent acquiescence. She has testified that she did not want her husband to sell, but refrained from saying so because of her husband's ill-health; but her conduct on that occasion clearly indicated a wholly different frame of mind. At the time the contract was signed she not only arranged with complainant for him to send his son to her that she could instruct him in the heating arrangements of the house, but her husband testified, apparently somewhat unwittingly, that complainant's offer of a price less than that asked was accepted because of his wife's wish for him to do so. Indeed, the evidence impels the conclusion that at the time the contract of sale was made, it was wholly satisfactory to the wife and in accord with her wishes, and that complainant was fully justified from her words and acts in so understanding. Another important circumstance in this case is the fact that by the terms of the contract of sale the conveyance was not to be made and the property was not to be delivered to complainant until a year from its date, and, in reliance upon the contract, complainant thereafter contracted to sell a nearby property in which he conducted his business, and in that contract arranged for delivery to the purchaser shortly after the date he was to receive possession of defendants' property, to the end that his business could be moved to the property here in question without its interruption. Defendants' failure to per-

form will, accordingly, leave complainant without a house or business. In all this complainant was necessarily influenced by the attitude of vendor's wife, which clearly indicated her sanction of the contract made by her husband.

But vendor's wife has now changed her mind. She has now determined not to release her dower right. Her reason for mental change is too obvious to be easily mistaken. The recent advance in real estate values is the reason, and only reason, in my judgment. Accordingly, the question now presented is whether a just decree for performance by the husband with abatement or indemnity must be refused complainant by reason of the danger that a decree of that nature may be operative to coerce the wife to change her mind again and cause her to do that which she originally intended to do and induced complainant to believe she would do.

There appears to be but two adjudicated cases in this state in which the element of the wife's acquiescence in the execution of the contract by her husband has been present—*Young* v. *Paul* and *Reilly* v. *Smith*.

In *Young* v. *Paul, 10 N. J. Eq. 401,* the wife assented to the sale, but her refusal to release her dower was found to be due to the procurement of her husband. Chancellor Williamson decreed specific performance with indemnity because of the husband's procurement of his wife's refusal. In the court of errors and appeals Mr. Justice Potts, in his opinion of affirmance, said: "There is no doubt his wife assented to the sale in the first instance. It was not until some time afterwards that she changed her mind and determined not to execute the deed; whether this was of her own volition, or brought about by the influence of her husband, makes no difference. The decree in no way impairs or affects her rights." In the concurring opinion of Mr. Justice Ryerson no suggestion is made by him touching what his views would have been had the wife changed her mind without having been influenced to do so by her husband.

In *Reilly* v. *Smith, 25 N. J. Eq. 158,* the sale was at auction and the wife of the owner was present and appears to have expressed her willingness that the property be sold. She, subsequently, refused to join in a conveyance, without any fraud on

the part of her husband. Chancellor Runyon denied the purchaser indemnity against the wife's inchoate dower. No specific consideration is given in the reported opinion touching any possible effect of the wife's acquiescence in the sale.

The other reported cases collected in *Bateman* v. *Riley, supra,* deal with situations in which a wife's refusal to join in a conveyance has or has not been brought about by the husband's influence, and cannot properly be deemed authorities to the effect that circumstances may not exist in which abatement or indemnity may be properly ordered in the absence of fraud on the part of the husband.

In *Cooke* v. *Watson, 30 N. J. Eq. 345,* Chancellor Runyon decreed a conveyance by a husband with indemnity against his wife's dower, although there was neither consent of the wife to the contract of sale nor connivance by the husband to prevent her joining in a conveyance. The circumstances of that case appeared to him to justify a decree of that nature.

In *Farrell* v. *Bork,* I found as a fact that defendant's wife's refusal to join in a conveyance was wholly due to her desire to spite complainant, and, accordingly, advised a decree of specific performance by the husband with indemnity. On appeal, the decree was affirmed. *76 N. J. Eq. 615.* The opinion filed by me in that case does not appear to have been reported. Whether sanction of the appellate court was given to that specific view cannot be stated with certainty.

From the foregoing I think it is apparent that it is not in conflict with the authorities in this state to hold that circumstances may exist other than the husband's procurement of his wife's refusal to release her dower which will justify a decree of specific performance by the husband with abatement or indemnity. In my judgment, such circumstances must be said to exist when, as here, the wife was satisfied with the contract of sale at the time of its execution and was present at that time and acquiesced in its execution, and her conduct at the time induced and appropriately induced the vendee to believe and rely upon the fact that she approved the execution of the contract and proposed to aid its consummation, and the vendee there-

14

after in reliance upon the contract placed himself in a position from which he cannot extricate himself without irreparable injury. Any possible coercive influence of the decree in such circumstances would do no more than incline the wife to conduct in strict accordance with the accepted rules of equity and good conscience.

It may also be noted that in refusing decrees of the nature here sought the courts have heretofore laid stress upon the care taken by our legislature to guard against coercive influence of a husband by reason of our statute touching acknowledgments of a married woman to conveyances made by her. That legislation has since been changed (*P. L. 1918 p. 119*) and a marked progressive tendency has existed for some time toward equal rights of spouses.

2. The date for the final payment of the contract price and for delivery of a conveyance and possession of the property has not yet arrived. But, in my judgment, the evidence justifies the conclusion that defendants have repudiated the contract of sale, in that the wife has determined to refuse to join in a conveyance and the husband has determined to neither convey and supply indemnity against his wife's dower right nor convey and accept less than the full amount of the purchase-money; indeed, I am convinced that the statements and conduct of both defendants have justified complainant in the belief that they do not intend to attempt to carry out the contract for a conveyance of an unencumbered title. It is true that both the wife and her husband may again change their minds on the day named in the contract for performance; but, in the circumstances referred to, must complainant defer filing his bill for relief until that day and thereby suffer the destruction of his business by reason of the delay which will necessarily ensue before a hearing and decree can be had? Obviously, every consideration looking to the effectiveness of remedial justice favors a negative conclusion to the question here presented.

This precise question does not appear to have heretofore arisen in this state in a suit for specific performance; but in *O'Neill* v. *Supreme Council, 70 N. J. Law 410,* it was determined by our supreme court after an exhaustive review of the authorities

that such a repudiation of a contract of sale is operative to mature a cause of action for damages. *O'Neill* v. *Supreme Council* was approved and followed by the same court in *Samel* v. *Super, 85 N. J. Law 101.*

In other states the same question has arisen in suits for specific performance, and the text adopted in *36 Cyc. 771, tit.* *"Specific Performance,"* is as follows:

"An action by the vendor before the time fixed for payment is premature; and where conveyance is not to be made until payment, the vendee usually cannot maintain his bill until payment is made; but where the vendor has repudiated the contract, the purchaser is entitled to sue at once, although the time fixed for complete performance has not yet arrived."

The authorities cited in support of the text above quoted, and the cases which have since arisen, as found in the supplemental annotations, are the following:

*Belanewasky* v. *Gallagher, 105 N. Y. Supp.* 77. In that case a bill filed by a vendee for specific performance averred that the vendor had repudiated his contract. On demurrer it was held that such an averment supported a bill filed before the date for performance.

*Payne* v. *Melton, 67 S. C. 233; 45 S. E. Rep. 154.* There a bill filed by a vendee for specific performance before the time for performance alleged repudiation of the contract by the vendor and also that vendor had, by a fraudulent conveyance to another, rendered his performance impossible until the fraudulent conveyance should be set aside. On demurrer alleging the suit prematurely brought it was held, in analogy to the right to sue for damages when repudiation occurred, that the cause of action was matured by the act of repudiation accompanied by the fraudulent transfer which necessitated the court's intervention.

*Miller* v. *Jones, 68 W. Va. 526.* This was a vendee bill filed before the day for performance because of vendor's repudiation of the contract. It was held that the cause of action was matured in analogy to the decisions of the law courts in actions for

damages in like circumstances; the decree directed performance at the future date pursuant to the terms of the contract.

*Bear* v. *Fletcher, 252 Ill. 206*. There the vendee before the time of performance clearly disclosed his purpose not to pay. Held, that the suit for specific performance was properly brought before the time for performance.

*Parks* v. *Munroe, 99 Kans. 368*. The bill in that case was to enforce a contract for exchange of land, the bill being filed before the time for performance, but alleging defendant's repudiation of the contract. A demurrer to the bill on the ground that it was prematurely filed was overruled.

In *Crosby* v. *Georgia Realty Co., 138 Ga. 746*, the court below had awarded a decree of specific performance against a vendor before the time for performance on the ground that the vendor had repudiated the contract, the decree directing immediate performance instead of performance at the future day named in the contract. The decree was reversed on review without an opinion being filed.

The view thus appears to have been almost uniformly adopted that when it is clear that a vendor either cannot or will not perform his contract in accordance with its terms, the vendee need not await the stipulated date for performance before filing his bill, but may before that time procure a decree defining the rights and obligations of the parties and directing performance on the future date in the manner found by the court to be proper in the circumstances of the case. That view is not only in harmony with the rule adopted in this state, touching actions for damages in case of repudiation of the contract by one of the parties to it before the day for performance, but is clearly beneficial to both the vendor and vendee, since it is operative to save either from serious losses that may otherwise ensue.

3. I will advise a decree herein directing the vendor to perform his contract in accordance with its terms upon the date specified therein for that purpose, provided his wife joins in the conveyance, upon the payment by vendee on that date of the balance of the contract price, and further directing a conveyance by vendor to vendee on that date, subject to the inchoate right of dower of his wife, in the event of a refusal of his wife at that

time to join in the conveyance, and in the latter event directing the vendor to at that time deliver to vendee a bond of indemnity with security approved by a special master to be named when the decree is signed for an amount to be determined at that time to indemnify vendee against any claim of dower by the vendor's wife, upon vendee's paying at that time the balance of the contract price. The decree may further provide that upon failure of the vendor to provide the indemnity the vendee may retain in his hands out of the purchase price the amount of the value of the dower right of the vendor's wife, that amount to be ascertained at the time the decree is signed in accordance with our mortality tables upon the basis of the right of dower being consummate at that time.