I am unable to read the clause of this contract touching the time for settlement as the equivalent of a clear and specific stipulation that the vendees shall enjoy the option to require settlement at a time prior to January 2d 1926.
It will be observed that the clause is framed in the alternative and may be reasonably understood as intended as no more than a stipulation that unless settlement should be made by the vendees on or before the date named the vendors, at their option, should be privileged to appropriate the prior payments as liquidated damages or treat them as payments on account of the purchase price.
Other clauses of the contract may be said to strengthen that view. By the terms of the contract the vendors are required *Page 460 
to convey the property free from encumbrances or liens, except the first mortgage, the payment of which vendees are to assume; until that conveyance is made the purchase-money second mortgage cannot be executed by vendees. So, too, is possession to be given on the day of final settlement. These are important duties, the time for the performance of which is demonstrated by common experience to be of substantial concern to a vendor. In these circumstances it should not be for a vendee to determine when it may be possible or convenient for his vendor to make title or deliver possession, in the absence of a stipulation clearly conferring that right.
It is suggested in behalf of complainant that a promissory note payable on or before a specified date contemplates the privilege of payment before the specific date. That is because the payment of the debt is the only obligation of such a contract. It has also been held that a contract for the sale of land in certain circumstances may be specifically enforced against the vendor before the day named for performance, but that was only after the contract had been wholly repudiated by the vendor. Stein v.Francis, 91 N.J. Eq. 205. Here there has been no repudiation further than a refusal to perform before the day specifically named. Wall v. Simpson, 6 Marsh. J.J. (Ky.) 155, has been cited in support of the bill; but in that case, while the vendee agreed to pay on or before a specified date, the vendor was not required by his contract to surrender possession at the time of final payment, and the provision in the contract for the vendor to retain possession for a specified time after the vendee should have paid the full purchase price was by the court treated as intended for the protection of the vendor in case of payment before the specified date.
I entertain the view that in a contract of this nature in which the vendor has active duties to perform at the time of settlement, such a delivery of possession or other duties which may make the time of settlement of substantial importance to him, a general provision for settlement on or before a specified day may be reasonably understood as embodying the idea that any settlement before the specific date named shall *Page 461 
be through the voluntary co-operation of the parties, in the absence of a stipulation which clearly imports a contrary intent, and that the clause here in question, especially in view of its structural characteristics, when considered in its relation to the other provisions of the contract, cannot be said to clearly entitle either party to require performance before the specific date named.