No. 40,502

DONALD SANDS and SAM A. CROW on behalf of Cordelia E. Davis, *Appellants,* v. DONNA VAN DONGE and HARRY LANNING, *Appellees.*

(311 P. 2d 321)

Opinion filed May 11, 1957.

*Sam A. Crow,* of Topeka, argued the cause, and *Edward Rooney* (Deceased), *Jacob A. Dickinson, David Prager* and *William W. Dimmitt, Jr.,* of Topeka, and *Don G. Sands,* of Holton, were with him on the briefs for appellants.

*John D. Cunningham,* of Seneca, argued the cause, and *Harry A. Lanning* and *William M. Drumm,* of Seneca, were with him on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: The question presented is whether the petition for a writ of habeas corpus states a cause of action entitling the petitioner to a discharge from the custody of her daughter, with whom she is living, and from the duly appointed guardian of her person and estate.

The record discloses the following: The petitioner, Cordelia E.

Davis, was adjudged incompetent by a jury in the probate court of Nemaha County. She appealed from that judgment and on February 3, 1955, was again adjudged incompetent following a jury trial in the district court. Pursuant to that adjudication of incompetency, the probate court of Nemaha County appointed Harry A. Lanning, a member of the Bar of Seneca, guardian of petitioner's person and estate, and he allowed her to live in the home of one of her daughters, Donna Van Donge, who resides in Jackson County, Kansas. The adjudication of incompetency and the appointment of the guardian have not been modified, set aside or reversed and are in full force and effect.

On March 7, 1956, two members of the Bar filed a petition in the district court of Jackson County, Kansas, for habeas corpus on behalf of the petitioner in which they named as respondents the daughter, Donna Van Donge, and the guardian, Harry A. Lanning. The petition, omitting the caption, prayer and their relationship to petitioner, alleged:

"Petitioners allege that Harry Lanning is the duly appointed, qualified and acting guardian of the person and estate of the said Cordelia E. Davis and Donna Van Donge is the daughter of the said Cordelia E. Davis and in conjunction with the said Harry Lanning are holding Cordelia E. Davis in the custody of her daughter aforesaid by virtue of the alleged authority of the said Harry Lanning in being the guardian of her person; that she is restrained of her liberty by her said daughter on her farm in Jackson County.

"That the illegality of said *imprisonment* is the claim by the said Harry Lanning and petitioner's said daughter, Donna Van Donge, that petitioner is incompetent and, therefore, should be under the protection, guidance and control of the said Harry Lanning and her said daughter.

"That *said confinement and imprisonment is illegal because* the said Cordelia E. Davis has recovered the full use of her mental faculties and is in truth and in fact no longer an incompetent or deranged person and is completely capable of managing her own affairs and her own property without help or assistance of anyone."

The prayer was that a writ of habeas corpus issue to the respondents directing them to produce the body of the petitioner in the district court on March 21, 1956, and to abide the order and judgment of that court. Thereafter the district court issued an order to the respondents to appear with the body of the petitioner on March 21, 1956.

On March 7, 1956, Harry A. Lanning, personally and as guardian of the person and estate of the petitioner, and Donna Van Donge filed a demurrer to the petition on the grounds that it did not state facts sufficient to constitute a cause of action against the respond-

ents; that it did not state facts sufficient to show petitioner's right to a writ of habeas corpus; and, that the district court of Jackson County, Kansas, did not have jurisdiction to hear and determine the petition. On that same day, the respondents also filed a motion to quash the order to appear in which they alleged that G. S. 1949, 59-2268 provides for an orderly hearing and remedy in the probate court in which the petitioner was adjudged incompetent; that such remedy is exclusive and precludes a resort to habeas corpus; that the petition does not show any pursuance of that remedy or any legal reason for not pursuing the same; and, that petitioner has an adequate remedy other than habeas corpus. No evidence was introduced at the hearing before the district court, and the petitioner appeals from the order of that court sustaining the demurrer and the motion to quash the order to appear.

In considering the sufficiency of the allegations of the petition to state a cause of action of illegal restraint on behalf of the petitioner we adhere to the rule that as against a demurrer, a petition will be liberally construed and well-pleaded facts are assumed to be true and the question is whether the facts, with all reasonable inferences to be drawn therefrom, constitute a cause of action. (*Walton v. Noel Co.,* 167 Kan. 274, 277, 205 P. 2d 928; 4 Hatcher's Kansas Digest [Rev. ed.], Pleading, §§ 35, 37, pp. 425, 426; 8 West's Kansas Digest, Pleading, § 34.) Measured by this rule, does the petition for writ of habeas corpus state a cause of action of illegal restraint on behalf of the petitioner? We think it does not. Our statute, G. S. 1949, 60-2213, reads in part:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following:"

. . . . . . . . . . .

"Second. Upon any process issued on and final judgment of a court of competent jurisdiction."

Petitioner states in her abstract, and the allegations of her petition confirm the admission, that she was adjudged incompetent pursuant to a final judgment rendered in the probate court of Nemaha County and that Harry A. Lanning was the duly appointed, qualified and acting guardian of her person and estate. Although the petitioner alleges she has recovered the full use of her mental faculties and is no longer an incompetent or deranged person and is capable of managing her own affairs and property, she does not allege she has been restored to capacity as provided by G. S. 1949, 59-2268 and

thereafter illegally restrained, or that the court which adjudged her incompetent lacked jurisdiction to do so, or that the proceedings leading up to such adjudication were void. Allegations of this character are indispensable to alleging a cause of action in habeas corpus under the facts and conditions presented by this record.

The power of probate courts to deal with adjudication, care, custody and restoration of incompetent persons stems from the constitution of Kansas. Art. 3, § 8, of that document reads in part:

"There shall be a probate court in each county, which shall be a court of record, and have such probate jurisdiction and care of estates of deceased persons, minors, and persons of unsound minds, *as may be prescribed by law.* . . ." (Emphasis supplied.)

To carry out this mandate, the legislature enacted the Kansas Probate Code. (G. S. 1949, ch. 59.) G. S. 1949, 59-301 reads in part:

"The probate courts shall be courts of record, and, within their respective counties, shall have original jurisdiction:"

.   .   .   .   .   .   .   .   .   .   .   .

"(6) To appoint and remove guardians for minors and incompetent persons, to make all necessary orders relating to their estates, to direct and control the official acts of such guardians, and to settle their accounts."

.   .   .   .   .   .   .   .   .   .   .   .

"(10) To hold' inquests respecting insane persons, and to commit insane persons to hospitals for the insane, or elsewhere, for their care and treatment.

"(11) Such other jurisdiction as may be given them by statutes pertaining to particular subjects."

Further dealing with persons adjudged to be incompetent, the legislature made provision for their restoration to capacity. G. S. 1949, 59-2268 reads in part:

"Any person who has been adjudged insane or incompetent as herein provided, or his guardian, or any other person interested in him or his estate may petition the court in which he was so adjudicated or to which the venue has been transferred to be restored to capacity: . . . Upon hearing of the petition and proof that such person has been restored to capacity and is capable of managing his person and estate, the court shall adjudge him restored to capacity. If the venue has been transferred no proceedings need be had in the court from which the venue was transferred."

A proceeding for restoration to capacity is judicial in character, and we think the legislature intended the remedy provided to be exclusive. That the legislature may prescribe the manner in which an insane or incompetent person may be discharged from custody has previously been sustained by this court (*In re Clark,* 86 Kan. 539, 121 Pac. 492; *In re Beebe,* 92 Kan. 1026, 142 Pac. 269; *The State v. Linderholm,* 95 Kan. 669, 149 Pac. 427; *Johnson v. Gustafson,* 96

Kan. 630, 152 Pac. 621; *In re Ostatter, Petitioner,* 103 Kan. 487, 175 Pac. 377). Furthermore, the judiciary may not interfere with the legislative conscience unless there is a clear violation of some provision of the constitution (*Hunt v. Eddy,* 150 Kan. 1, 90 P. 2d 747; *Marks v. Frantz,* 179 Kan. 638, 298 P. 2d 316), and, as we have previously observed, that document vests in probate courts jurisdiction and care of persons of unsound mind as may be prescribed by law (Art. 3, § 8).

There was requisite authority in the probate court which adjudged petitioner to be incompetent; there was essential inquiry and finding that she was incompetent, and, having been adjudged incompetent, this finding is presumed to continue until it is shown that her competency has been restored (*Johnson v. Gustafson,* supra). G. S. 1949, 59-2268 affords her or anyone interested in her, and particularly the members of the Bar who instituted this proceeding, an opportunity to directly apply to the probate court of Nemaha County for her discharge from the judgment of incompetency and from the order appointing the guardian on the ground that her capacity has been restored and that she is no longer incompetent. However, not having availed herself of this remedy, she is not entitled to be discharged in habeas corpus.

This court has held that a proceeding in habeas corpus brought to procure the release of a defendant following conviction in a criminal case is a collateral attack upon the judgment, and in order to successfully set aside a judgment on collateral attack the judgment must be void (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147; *Trugillo v. Edmundson,* 176 Kan. 195, 270 P. 2d 219). There were no allegations or claim that the judgment of incompetency, or that the order appointing the guardian, were void. The present action is a collateral attack upon the judgment of incompetency, which has not been modified, reversed or set aside, and under the allegations of the petition, this collateral attack cannot be maintained. An indispensable element of petitioner's cause of action was omitted from her petition by her failure to allege her restoration to capacity by the probate court in which she was adjudged to be incompetent pursuant to G. S. 1949, 59-2268, or that the court which adjudged her incompetent lacked jurisdiction to do so, or that the proceedings leading up to such adjudication were void, and, necessarily, the demurrer and the motion to quash the order to appear were properly sustained.

The judgment is affirmed.