No. 42,314

RAYMOND FINKENBINDER and CLARICE RANDOL FINKENBINDER, *Appellees*, v. MICHAEL R. DREESE and NEVA J. DREESE, *Appellants*.

(363 P. 2d 465)

Opinion filed July 8, 1961.

*Lelus B. Brown*, of Newton, argued the cause and was on the briefs for the appellants.

*Robert C. Dauffenbach*, of Wichita, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action brought by Raymond and Clarice Finkenbinder, plaintiffs (appellees), against Michael and Neva Dreese, defendants (appellants), for the specific performance of a real estate contract.

The petition alleged in pertinent part that plaintiffs and defendants entered into a written contract, attached to and made a part of the petition, under the terms of which plaintiffs agreed to sell and defendants agreed to buy certain described real estate for $1,312.92 cash and a balance of $3,887.08, with interest at six per cent, payable in monthly installments of fifty dollars on the fourth day of each succeeding month. The agreement also provided that if defendants failed to make any of the payments or to perform any of the covenants therein, the contract, at the option of the plaintiffs, should be forfeited and determined and the defendants should forfeit all payments made by them in full satisfaction thereof and in liquidation of all damages sustained thereunder by plaintiffs.

The petition further alleged that plaintiffs had performed all their contractual duties but defendants had failed to make certain monthly payments under the terms of the contract; that plaintiffs

were willing to perform the agreement, and on being paid the remainder of the purchase price they would deliver to defendants the warranty deed to the property; that time was of the essence of the contract and defendants had breached the contract requiring that the payments be made promptly, and that plaintiffs were entitled to specific performance of the contract. Plaintiffs prayed for judgment against defendants for the full amount due under the contract and for such other and further relief as might be equitable.

The defendants demurred to the petition on the ground that it failed to state a cause of action. From an order of the trial court overruling their demurrer, defendants appeal.

It appears the gist of defendants' argument is that inasmuch as there was no acceleration clause in the contract plaintiffs cannot recover the full balance due thereunder; that the action is premature, and that plaintiffs have an adequate remedy at law precluding their right to seek equitable relief by way of specific performance.

It was stated in *Parks v. Monroe,* 99 Kan. 368, 370, 161 Pac. 638, that a party to a contract enforceable in equity may sue to establish his rights thereunder as soon as the other contracting party has repudiated it, notwithstanding the time for full performance may not have arrived. When a contract is repudiated by one of the parties thereto, the other party has a right to take such steps as he may deem necessary to protect himself against loss or damage because of such repudiation.

In the instant case, the petition alleged that the defendants breached the contract and failed to make the payments due under its terms, and plaintiffs asked the court of equity to grant them any relief to which they might be entitled. The petition clearly stated a cause of action. The mere fact that a party can avail himself of some relief at law does not preclude or defeat the jurisdiction of equity to decree specific performance (*Scott v. Southwest Grease & Oil Co.,* 167 Kan. 171, 175, 205 P. 2d 914; 49 Am. Jur., Specific Performance, § 11, pp. 20, 21, and § 43, p. 58).

This court has stated many times that when a petition sufficiently alleges a cause of action on any theory, a general demurrer thereto cannot be sustained (*Richey v. Darling,* 183 Kan. 642, 331 P. 2d 281; *Otto v. Swartz,* 186 Kan. 689, 693, 694, 352 P. 2d 12). The mere fact that a petition seeks to recover more or different relief

from that to which a plaintiff may be entitled does not make the petition demurrable if it otherwise states a cause of action (*Board of Education v. Thompson,* 185 Kan. 620, 347 P. 2d 369; *In re Estate of Manweiler,* 185 Kan. 343, 348, 342 P. 2d 730; *Cooley v. Shepherd,* 170 Kan. 232, 236, 225 P. 2d 75).

Another settled rule of long standing in this jurisdiction is that if a cause of action is stated in plaintiff's petition, what is prayed for is not always very important. The prayer of a petition is merely the plaintiff's idea of the relief to which he is entitled. It is not a part of the statement of the cause of action. If the cause of action is sufficiently stated and sufficiently proved, the court will adjudge and decree the proper relief, which may or may not conform in whole or in part to the relief prayed for in the petition. The allegations of the petition, rather than the prayer for relief, determine the nature of the action brought. (*United Brethren, Etc., v. Mount Carmel Community Cemetery Ass'n,* 152 Kan. 243, 246, 103 P. 2d 877; *Foster v. Humburg,* 180 Kan. 64, 67, 68, 299 P. 2d 46; *In re Estate of Manweiler,* supra, p. 348.)

From an examination of the petition in this case it would seem almost too obvious for argument that a cause of action for specific performance and equitable relief was stated. It is not the function of this court, in advance of the joinder of issues and the presentation of evidence, to determine to what form of relief, if any, the plaintiffs are entitled. Other contentions made by the defendants are without merit. The judgment of the trial court is affirmed.

It is so ordered.