No. 43,867

THE STATE OF KANSAS, on the Relation of WILLIAM M. FERGUSON, Attorney General; WALTER REED GAGE, Director of Kansas Alcoholic Beverage Control; W. B. KIRKPATRICK, Assistant Attorney General; and ROBERT M. BROWN, County Attorney of Shawnee County, Kansas, *Appellant*, v. DONALD J. GRACE and ARLINE GRACE; GRACE'S CARAVAN CLUB, and JOHN DOE and MARY DOE, Whose Proper Names Are Unknown, *Appellees*.

(397 P. 2d 331)

Opinion filed December 12, 1964.

*Edward Curry*, Assistant Attorney General, of Topeka, argued the cause, and *William M. Ferguson*, Attorney General, *W. B. Kirkpatrick*, Assistant Attorney General, and *Robert M. Brown*, County Attorney, all of Topeka, were with him on the briefs for the appellant.

*George A. Scott*, of Topeka, argued the cause, and *T. M. Murrell* and *Jack A. Quinlan*, both of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

FONTRON, J.: This appeal is from an order of the trial court sustaining the defendants' demurrer to the plaintiff's amended petition.

The action is brought by the State of Kansas against the defendants, Donald J. Grace and Arline Grace, who are alleged to operate Grace's Caravan Club, and their employees, to enjoin them from operating and maintaining a common nuisance on the premises occupied by the club, in violation of the provisions of the Kansas Liquor Control Act. The portions of the petition pertinent to this appeal are as follows:

"For its cause of action against the defendants, plaintiff alleges that in pursuance of a common plan, scheme and conspiracy among them and their servants, agents or employees, defendants did on or about the 1st day of January, 1962, and have continuously since and do now unlawfully, knowingly, and willfully keep and maintain a common nuisance to the people of the State

of Kansas in the premises at 1306 Huntoon, in Topeka, Shawnee County, Kansas, owned by Donald J. Grace and Arline Grace, more particularly described as:

W 30 ft. of Lots 481-483-485 King's Addition to the City of Topeka, by keeping a place or places on said premises where persons are permitted to resort for the purpose of drinking alcoholic beverages which place or places so kept and maintained by the defendant are a place or places to which the general public has access all contrary to the statutes of the State of Kansas.

"Grace's Caravan Club is a so-called private club owned and operated by two private individuals, namely, the defendants, Donald J. Grace and Arline Grace, and their agents, and servants, under the authority and direction of said defendants on the property heretofore described. That said purported private club consists of the building on said premises which contains a kitchen, a dining room with a bar or counter for the purpose of mixing intoxicating liquor drinks and serving food, dining tables and chairs, a dance floor and other usual accommodations for such an establishment. That entertainment is supplied by an electric phonograph or juke box and on occasions by a dance band.

"That the general public, consisting of any persons who present themselves at the entrance door of said so-called private club, may secure admittance into said club and premises by knocking on the outside door thereof and informing the defendants or their agents, servants or employees that he wishes to join said club and by paying the sum of ten ($10.00) dollars to the defendants or defendants' agents or employees, he is admitted to the premises and membership in said club. No formal application for membership is required and membership is left solely to the discretion of the defendants or their employees or servants acting under the direction of said defendants. That no stated meetings of said purported club are held nor do any members of said purported club have any voice in the selection of or expulsion of members of said purported club.

"Plaintiff further states that said purported Caravan Club was set up, devised, planned and schemed by the defendants and operated by them and their agents, servants and employees, under the direction and control of the defendants, for the deliberate intent and purpose of them to evade the penalties, liabilities and forfeitures of G. S. 1949, 41-805 and 41-806, in that said defendants intended to and have permitted persons, so-called club members and their guests, to use said so-called club premises and facilities for the purpose of consuming alcoholic liquor on said club premises and have encouraged said persons in the illegal use of said premises by selling them soda water and mixes for said liquor and by permitting so-called club members to leave their intoxicating liquors on the premises heretofore described. Plaintiff further states that defendants, their agents, servants and employees do nothing to prevent intoxicating liquor being openly carried into said premises nor do they do anything to prevent open consumption of intoxicating liquor on said premises."

The petition concludes with a prayer that the premises be declared a common nuisance and padlocked as provided in G. S. 1949, 41-806; that the defendants be enjoined from keeping and maintaining a common nuisance on the premises; and that they spe-

cifically be enjoined from permitting persons to resort to said premises for the purpose of drinking alcoholic liquor.

The application of three Kansas statutes are involved in this lawsuit, the first being G. S. 1949, 41-805 which, so far as here material, provides:

"Any room, house, building, boat, vehicle, airplane, structure or place of any kind where alcoholic liquors are sold, manufactured, bartered or given away, in violation of this act, *or any building, structure or boat where persons are permitted to resort for the purpose of drinking same, in violation of this act* . . . are . . . hereby declared to be a common nuisance. . . ." (Emphasis supplied.)

It is argued by the defendants that the word "same" in the sixth line of the foregoing statute refers to alcoholic liquors which have been "sold, manufactured, bartered or given away, in violation of this act." We are not impressed by this suggested interpretation. In our opinion, the word refers to alcoholic liquors, generally, and not merely those which may have been acquired in violation of law. Such, indeed, is what we believe the legislature intended, and what we believe the act fairly and reasonably imports.

Section 41-806, *supra*, under which this action was instituted, sets forth the procedures for abating such a nuisance and prescribes the judgment which is to be entered.

The third statute pertinent to this lawsuit is G. S. 1949, 41-719, which reads as follows:

"It shall be unlawful for any person to drink or consume alcoholic liquor upon the public streets, alleys, roads or highways, or in beer parlors, taverns, pool halls, *or places to which the general public has access, whether or not an admission or other fee is charged or collected,* or upon property owned by the state or any governmental subdivision thereof or inside vehicles while upon the public streets, alleys, roads or highways. Any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than fifty dollars ($50) nor more than two hundred dollars ($200), or by imprisonment for not more than six months or be both so fined and imprisoned." (Emphasis supplied.)

The state predicates this action, and has drawn its petition, on the theory that the Caravan Club is "a place to which the general public has access"; that the drinking of alcoholic liquor therein is, therefore, illegal under the provisions of 41-719; and, consequently, that when the defendants permit other persons to drink alcoholic liquor in the club building, they are maintaining a nuisance within the meaning of 41-805.

In arguing their demurrer, the defendants do not question the

sufficiency of allegations that persons are permitted to drink on the premises occupied by the Caravan Club. Their challenge is directed only to the sufficiency of the petition in alleging that the Caravan Club is "a place to which the general public has access."

Before turning to that question, we should mention here that we are not called upon in this action to define or to state what constitutes a "private club." Nor is it our function here to distinguish between a private club and a place to which the general public has access, or to delineate the characteristics of either. We are concerned only with determining whether the petition sufficiently alleges that the defendants maintain a place to which the general public has access and in which they permit the drinking of alcoholic liquor, and we shall confine ourselves to this single question.

Construing the amended petition in the light most favorable to the plaintiff, as we must construe the same under long recognized rules of pleading, ( *Schiffelbein v. Sisters of Charity of Leavenworth,* 190 Kan. 278, 280, 374 P. 2d 42; *Chaplin v. Gas Service Co.,* 194 Kan. 26, 397 P. 2d 317), we are forced to conclude that it does contain allegations sufficient to state a cause of action against the defendants.

In our judgment, the following allegation, to-wit:

"That the general public, consisting of any persons who present themselves at the entrance door of said so-called private club, may secure admittance into said club and premises by knocking on the outside door thereof and informing the defendants or their agents, servants or employees that he wishes to join said club and by paying the sum of ten ($10.00) dollars to the defendants or defendants' agents or employees, he is admitted to the premises and membership in said club . . ."

is, by itself, a sufficient allegation that the Caravan Club is open to all members of the general public who pay ten ($10.00) dollars for admittance thereto. If the fact so alleged be true, the club would be a place accessible to the general public within the meaning of Section 41-719, *supra.*

Further allegations of the petition relate to the purpose, design and intent of the defendants in setting up and operating the Caravan Club, but we believe they require no discussion for the purposes of this opinion. Nor is it deemed necessary to comment on other allegations of the petition relating to the operation of the Caravan Club, inasmuch as we have concluded that the quoted language alone is sufficient to designate the club as a place to which the general public has access.

The judgment is reversed with directions to overrule the demurrer.