No. 43,868

THE STATE OF KANSAS, on the Relation of WILLIAM M. FERGUSON, Attorney General; WALTER REED GAGE, Director of the Kansas Alcoholic Beverage Control; W. B. KIRKPATRICK, Assistant Attorney General; and ROBERT M. BROWN, County Attorney of Shawnee County, Kansas, *Appellant*, v. KANSAS SUPER MOTELS, INC., ROBERT L. BROCK, Agent et al., BUCCANEER CLUB, INC., DONALD M. CHRISTIE, CHARLES PFARR, OLIVER DOWLING, JOHN DOE and MARY ROE, Whose Proper Names Are Unknown, *Appellees*.

(398 P. 2d 331)

Opinion filed January 23, 1965.

*Edward Curry*, Assistant Attorney General, of Topeka, argued the cause, and *William M. Ferguson*, Attorney General, *W. B. Kirkpatrick*, Assistant Attorney General and *Robert M. Brown*, County Attorney of Shawnee County, all of Topeka, were with him on the briefs for the appellant.

*Michael A. Barbara*, of Topeka, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from an order sustaining a demurrer to a petition filed by the State of Kansas to enjoin the defendants from keeping and maintaining a common nuisance by permitting persons to resort to premises controlled by defendants for the purpose of drinking alcoholic liquors contrary to the provisions of the Alcoholic Control Act.

The petition, omitting formal parts, reads:

"For its cause of action against the defendants, plaintiff alleges that in pursuance of a common plan, scheme and conspiracy among them and their servants, agents or employees, defendants did on or about the 27th day of August, 1962, and have continuously since and do now unlawfully, knowingly, and willfully keep and maintain a common nuisance to the people of the State of Kansas in the premises known as the Holiday Inn, South, or some part thereof, all in Shawnee County, Kansas, and more particularly described as: (Premises described.) by keeping a place or places on said premises

where persons are permitted to resort for the purpose of drinking alcoholic beverages which place or places so kept and maintained by the defendant are a place or places to which the general public has access, all contrary to G. S. 1949, 41-805 and 41-806.

"Plaintiff further states that defendant, Kansas Super Motels, Inc., on July 8, 1958, leased certain private club facilities located within the real estate heretofore described herein to the Southern Lounge Inc., a Kansas corporation, and that said club and facilities on June 27, 1962, were subleased by said Southern Lounge, Inc., to the defendant, Buccaneer Club, Inc. That since August 27, 1962, said Buccaneer Club, Inc., has been operating said club facilities. That the Kansas Super Motels, Inc., is a Kansas corporation operating the Holiday Inn South Motel, consisting of 130 living units for occupancy, with a restaurant, outdoor and indoor swimming pools and other facilities designed and adapted for operation of a motel and club, and that said Buccaneer Club, Inc., is contained within one of the appurtenances of the Holiday Inn South Motel.

"That the parties defendant hereto devised, designed and promoted the foregoing scheme and plan for the purpose of attempting to escape liabilities and penalties provided by G. S. 1949, 41-805 and 41-806, and in furtherance of said scheme did sell so-called memberships in said Buccaneer Club, Inc., which memberships purport to convey to a member the privilege, among other things, of bringing his intoxicating liquors to the said club room, consisting of a bar or counter where liquors were and are stored, mixed and served to purported club members by the defendants, their agents, servants and employees, and also which club room contained booths, tables, chairs and other equipment usual to such an establishment.

"That said purported memberships in the Buccaneer Club, Inc., with the knowledge, consent of and at the direction of the officers of the defendant, Super Motels, Inc., were sold by the agents of said Super Motels, Inc., to the general public. That said memberships so sold consisted of individual, family, temporary, firm and quarterly. Temporary memberships for a period of only five days have been sold only to registered guests of said motel, nonguests not being eligible for such memberships. Temporary memberships entitled the holder thereof to all of the privileges of said Buccaneer Club, Inc., including the privilege of using the club room and facilities and the services of a bartender employed by said Club for the purpose of mixing and serving intoxicating liquors to patrons.

"Plaintiffs further state that Donald L. Christie one of the defendants herein, is an incorporator of the Buccaneer Club, and is also a paid employee of the Hotel Inn motel as its manager and has been directed by his employer, Holiday Inn Motel, under the direction and control of defendant, Kansas Super Motels, Inc., to screen applicants for and to take memberships, temporary and permanent in said Buccaneer Club, all of which is known to the officers of said defendant corporation.

"Plaintiffs further state that temporary memberships of the Buccaneer Club, Inc., sell for $1.00 and are solicited also by other agents, servants and employees of said Holiday Inn Motel under the authority and direction of Kansas Super Motels, Inc., said defendants well knowing that most guests stay at said motel only one night, plaintiff therefor further states that said

scheme is a subterfuge for the purpose of attempting to evade the provisions of G. S. 1949, 41-805 and 41-806."

The prayer requested that the premises be declared a public nuisance and padlocked, and that an injunction be issued against each of the defendants enjoining them from permitting persons to resort to the described premises for the purpose of drinking alcoholic liquor.

The defendants lodged a general demurrer against the petition which was sustained. The plaintiff has appealed.

The action is bottomed on the provisions of G. S. 1949, 41-805 which reads insofar as material here:

". . . any building, structure or boat where persons are permitted to resort for the purpose of drinking same [intoxicating liquors], in violation of this act, or any place where such liquors are kept for sale, barter or gift, *in violation of this act,* and all such liquors, and all property kept in and used in maintaining such a place, are each and all of them hereby declared to be a common nuisance; . . ." (Emphasis supplied.)

We must then search the act further for the purpose of determining when the drinking of intoxicating liquor is in violation of the Alcoholic Beverage Control Act. G. S. 1949, 41-719 provides in part:

"It shall be unlawful for any person to drink or consume alcoholic liquor upon the public streets, alleys, roads or highways, or in beer parlors, taverns, pool halls, or *places to which the general public has access,* whether or not an admission or other fee is charged or collected, . . ." (Emphasis supplied.)

It must be concluded from reading the above provisions that any place to which the general public is permitted to resort for the purpose of drinking alcoholic liquors is a common nuisance.

This action was instituted under the procedural provisions provided by G. S. 1949, 41-806 which are not at issue in this controversy. We are concerned only with the question of whether the allegations of the petition are sufficient to charge the defendants with maintaining a place to which the general public is permitted to resort for the purpose of drinking alcoholic liquors.

It is conceded that the defendants maintain a place where people are permitted to congregate for the purpose of drinking alcoholic liquors supplied by such people. The question before us may therefore be further reduced: Are the allegations of the petition sufficient to charge that the people admitted to the premises, described in the petition, constitute the "general public" as that term is used in G. S. 1949, 41-719?

Construing the allegations of the amended petition as whole *Wycoff v. Winona Feed & Grain Co.*, 187 Kan. 98, 353 P. 2d 979; *Benton v. Franzen*, 191 Kan. 108, 379 P. 2d 306) and in the light most favorable to the plaintiff, (*Bell v. Hanes*, 190 Kan. 765, 378 P. 2d 13; *Sands v. Donge*, 181 Kan. 325, 311 P. 2d 321.) as we are compelled to do, we are constrained to hold that the allegations are sufficient to constitute a cause of action.

In construing a somewhat similar petition in the recent case of *State, ex rel., v. Grace*, 194 Kan. 116, 397 P. 2d 331, we held that allegations to the effect that the general public, consisting of any persons who presented themselves at the entrance door, requested admittance and paid ten dollars would be admitted to the premises as members, constituted a sufficient allegation as to admittance of the general public.

However, the amended petition in the present case is challenged on additional grounds. The appellees contend and the trial court found:

".  .  . that the demurrer of the defendants to the amended petition should be sustained for the following reasons:

"Plaintiffs' amended petition shows that when persons obtain membership in the Buccaneer Club that 'Donald L. Christie .  .  . an incorporator of the Buccaneer Club .  .  . has been directed .  .  . to screen applicants for and to take memberships.' Persons thus admitted to membership in the club are no longer part of the general public."

The appellees contend that to screen applicants for membership means to select from the applicants those who will be members in the club, and if only select members are admitted to the premises the general public does not have access thereto. Appellees further suggest that the term "general public" has a well understood meaning which includes all citizens, and that very little is required to take them out of the "general public" classification and place them in a limited or select classification.

There is much merit to appellees' contentions. However, the petition contains allegations to the effect that the entire plan is a scheme or subterfuge for the purpose of attempting to evade the provisions of the intoxicating liquor laws. If the evidence establishes that the screening constitutes such a subterfuge the appellants will be entitled to the relief for which they have prayed.

. The appellees also contend that the temporary memberships referred to in the amended petition are issued only to persons who are registered at the motel and that "no one coming in off the street" is eligible to apply for temporary membership. Again we are con-

fronted with the allegation that such plan for registration is a subterfuge.

The controversy presents questions of fact which can best be determined after the issues are framed by the pleadings and evidence is presented.

In the absence of any directive from the legislature as to what constitutes "a place to which the general public has access" the determination will to a great extent depend on the facts and circumstances of each particular case, and for that reason we are not attempting here to state what does or does not constitute "a place to which the general public has access."

The judgment is reversed with instructions to overrule the demurrer.

APPROVED BY THE COURT.

ROBB, J. (dissenting): I find myself unable to agree with the majority opinion in this case. The petition alleges as follows:

"Plaintiffs further state that Donald L. Christie, one of the defendants herein, is an incorporator of the Buccaneer Club, and is also a paid employee of the Hotel Inn motel as its manager and has been directed by his employer, Holiday Inn Motel, under the direction and control of defendant, Kansas Super Motels, Inc., *to screen applicants for and to take memberships, temporary and permanent in said Buccaneer Club* . . ., (Emphasis supplied).

and further alleges:

". . . said defendants well knowing that most guests stay at said motel only one night, plaintiff therefor further states that said scheme is a subterfuge for the purpose of attempting to evade the provisions of G. S. 1949, 41-805 and 41-806."

On the basis of these two allegations placed in the petition by the pleader, it was within the province of the trial court to determine whether the requirements of the screening process were a subterfuge to evade the provisions of the cited statutes. I think the petition reflects the screening process used was sufficient to remove the membership from the "general public" because you either have a "general public" or you do not. For definition of the word, *general,* see Black's Law Dictionary, 4th ed., p. 812.

From statements made by the trial court in its letter to counsel dated October 23, 1963, apparently the trial court's opinion was that under such circumstances subterfuge is a matter for the court to determine and not the pleader. I believe the trial court was correct in sustaining the demurrer and the judgment should be affirmed.